Albert C. Wilson, Petitioner *v.* Commonwealth of Pennsylvania, Bureau of Corrections, Commissioner Glen R. Jeffes, Charles Zimmerman, Superintendent, State Correctional Institution at Graterford, Joseph Mucerine, Supervisor of Records, State Correctional Institution at Graterford, Defendants.

Submitted on briefs to Judges CRAIG, PALLADINO and BARBIERI, sitting as a panel of three.

*Albert C. Wilson,* petitioner, for himself.

*Francis R. Filipi,* Deputy Attorney General, with him, *Allen C. Warshaw,* Deputy Attorney General, and *LeRoy S. Zimmerman,* Attorney General, for defendants.

OPINION BY JUDGE PALLADINO, August 31, 1984:

In this action, brought in our original jurisdiction, Albert C. Wilson (Petitioner) seeks review of the aggregation of his sentences by the Bureau of Corrections (Bureau). The preliminary objections of the Bureau are presently before us for consideration.

In 1978,[1] Petitioner was sentenced by the Court of Common Pleas of Philadelphia County to serve two consecutive terms. The first was for five to ten years, and the second was for ten to twenty years. Upon the expiration of the minimum term for the first sentence, Petitioner requested consideration for parole. Petitioner was informed that his two sentences had been aggregated into one fifteen to thirty year sentence by the Bureau's institutional records office, thus precluding parole for Petitioner until he had served the minimum term for the aggregated sentence.

After unsuccessfully pursuing his formal complaint through the proper channels with the Bureau, Petitioner filed a petition for review with this court. The relief sought is a declaration that the Bureau acted illegally and without authority in aggregating Petitioner's sentences, an injunction restraining the Bureau from such actions without authorization by the sentencing court, and a correction of Petitioner's record to reflect the actual sentence imposed upon him by the common pleas court. This correction would

---

[1] In considering the Bureau's preliminary objections, we must accept as true all factual averments in Petitioner's pleading. *Stabatrol Corp. v. Metzval Corp.,* 72 Pa. Commonwealth Ct. 188, 456 A.2d 252 (1983).

allow Petitioner to be considered for parole for his first sentence.[2]

The Bureau has filed two preliminary objections to Petitioner's action. The first challenges our jurisdiction to hear the case, and the second is in the nature of a demurrer. We will address each objection in turn.

The Bureau's first objection contends that the relief sought by Petitioner is actually a reduction in his sentence, and as such, sounds in habeas corpus. Because this court does not have original jurisdiction to hear a habeas petition under 42 Pa. C. S. §761(a)(1)(i), the Bureau would have us dismiss the petition for review for lack of jurisdiction. We disagree with the Bureau's contention that petitioner's action sounds in habeas corpus.

The extraordinary relief of a writ of habeas corpus is available where the petitioner seeks to test the legality of his commitment and detention, or to secure relief from conditions constituting cruel and unusual punishment, even though the detention itself is legal. *Commonwealth ex rel. Bryant v. Hendrick,* 444 Pa. 83, 280 A.2d 110 (1971). All petitioner is requesting in this case is a correction of his records as maintained by the Bureau. Petitioner does not seek a reduction in his sentence, and in no way challenges its legality. Petitioner only challenges the legality of the action of the Bureau in aggregating the two sentences. We hold that the petition would not properly sound in habeas corpus. Because Petitioner's action names the Bureau, a state agency, as respondent, we have original jurisdiction under 42 Pa. C. S. §761(a). Therefore, the Bureau's preliminary objection to our jurisdiction is overruled.

---

[2] This parole would be constructive, allowing Petitioner to begin serving his second sentence while receiving parole credit on his first term.

The second preliminary objection is in the nature of a demurrer. The Bureau states that the exclusive power to recompute sentences or to grant sentence credit lies with the sentencing court. As stated above, Petitioner does not seek a recomputation of his sentence. Petitioner seeks to have the Bureau correct his records to reflect the actual sentence imposed by the trial court. If, as the petition for review asserts, the Bureau is the entity which aggregated the two sentences, then it acted without authority.[3] Therefore, Petitioner has stated a claim upon which relief can be granted, and the Bureau's second preliminary objection is overruled.

ORDER

AND Now, August 31, 1984, the preliminary objections of the Bureau of Corrections filed in the above-captioned case are overruled.

---

[3] As the Bureau states in its preliminary objections, only the sentencing court is conferred with the authority to aggregate consecutive sentences under 42 Pa. C. S. §9757.