# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Jason Stover,                                    :
                                                 : No. 231 M.D. 2015
                    Petitioner                   : Submitted: September 25, 2015
                                                 :
            v.                                   :
                                                 :
Pennsylvania Board of Probation                  :
and Parole,                                      :
                                                 :
                    Respondent                   :


BEFORE:    HONORABLE RENÉE COHN JUBELIRER, Judge
           HONORABLE P. KEVIN BROBSON, Judge
           HONORABLE ROCHELLE S. FRIEDMAN, Senior Judge

OPINION NOT REPORTED

MEMORANDUM OPINION
BY SENIOR JUDGE FRIEDMAN                          FILED:  November 17, 2015


Before this court are the preliminary objections filed by the Pennsylvania Board of Probation and Parole (Board) to Jason Stover's *pro se* petition for writ of mandamus filed in this court's original jurisdiction. For the reasons that follow, we sustain the Board's preliminary objection based on lack of jurisdiction and transfer this matter to the Court of Common Pleas of the 17th Judicial District (Union County Branch) (trial court).

On January 24, 2007, the trial court sentenced Stover to 5 to 10 years' incarceration based on his conviction for involuntary deviate sexual intercourse with a person less than 13 years of age. On July 31, 2012, Stover was paroled to Progress

Community Corrections Center (Progress)[1] and was subsequently released to a Board-approved home plan.

Two years later, Stover's home plan became unviable because the homeowner sold the property. The Board directed Stover to find an alternative living arrangement and to procure a new home plan, subject to the Board's approval. Stover failed to procure a suitable home plan. Therefore, on October 22, 2014, the Board relocated Stover to Progress until he is able to obtain an approved home plan.

On April 27, 2015, Stover filed the instant petition, alleging that the Board violated his due process rights by re-confining him to Progress without a hearing. On July 1, 2015, the Board filed preliminary objections to Stover's petition based on lack of jurisdiction and in the nature of a demurrer. Both parties have filed supporting briefs in this court.

We first address the Board's challenge to this court's subject matter jurisdiction. The Board contends that although Stover's petition is titled a "petition for writ of mandamus," the petition actually seeks habeas corpus relief, which is beyond the scope of this court's original jurisdiction.[2] We agree.

---

[1] A community corrections center, while custodial in structure, is "[a] minimum-security[,] community-oriented facility operated or contracted by the Department [of Corrections] for the purpose of facilitating special programs." 37 Pa. Code §§91.1, 94.2(c)(1). Section 5003(3) of the Prisons and Parole Code provides that "[a]n offender who is serving the community-based portion" of a state sentence "may be housed in [a] community corrections center[]." 61 Pa. C.S. §5003(3).

[2] This court has original jurisdiction over actions against Commonwealth entities, except "actions or proceedings in the nature of applications for a writ of habeas corpus or post[-]conviction relief not ancillary to proceedings within the appellate jurisdiction of the court." Section **(Footnote continued on next page…)**

Before this court, Stover asserts that, as a parolee, his confinement at Progress is unlawful because he is being detained in a prison-like, maximum security facility without due process and is residing in a section of Progress dedicated to parole violators. (Stover's Pet., ¶¶ 12-13; Stover's Br. at 6-8.) He further asserts that his confinement at Progress has caused him to suffer mental and emotional anguish. (Stover's Pet., ¶ 14.) Thus, Stover seeks an order compelling the Board to transfer him to a home plan and to compensate him financially for the amount of time that he has been illegally confined. (*Id.*, ¶ 15.)

Based on the averments in Stover's petition and brief, it is evident that Stover is challenging the legality and the conditions of his confinement and, as such, his petition sounds in habeas corpus. *See Brown v. Pennsylvania Department of Corrections*, 81 A.3d 814, 815 (Pa. 2013) (*per curiam*). Habeas corpus relief "'is available where the petitioner seeks to test the legality of his commitment and detention, or to secure relief from conditions constituting cruel and unusual punishment, even though the detention itself is legal.'" *Brown v. Department of Corrections*, 601 A.2d 1345, 1347 (Pa. Cmwlth. 1992) (citation omitted). "Where the substance of a pleading is identical to a writ of habeas corpus, it should be treated as such." *Kester v. Pennsylvania Board of Probation and Parole*, 609 A.2d 622, 625 (Pa. Cmwlth. 1992); *see also Brown*, 601 A.2d at 1346-47 (concluding that prisoners' suit alleging that the Department of Corrections lacked authority to transfer them to a

---

**(continued…)**

761(a)(1)(i) of the Judicial Code, 42 Pa. C.S. §761(a)(1)(i). Stover has no pending ancillary action in this court's appellate jurisdiction.

federal correctional institution was a habeas corpus proceeding and, thus, this court lacked jurisdiction).

Because Stover's petition sounds in habeas corpus, "it is properly addressed in the court of record from which his judgment of sentence originated," i.e., the trial court. *Brown*, 81 A.3d at 815.[3] Accordingly, we sustain the Board's preliminary objection based on lack of jurisdiction and transfer this matter to the trial court pursuant to section 5103(a) of the Judicial Code, 42 Pa. C.S. §5103(a).[4]

_____
ROCHELLE S. FRIEDMAN, Senior Judge

---

[3] Even if we were to treat Stover's petition as a request for mandamus relief, we note that mandamus is improper where the petitioner has an adequate remedy at law or has no legal right to the relief sought. *See Detar v. Beard*, 898 A.2d 26, 29 (Pa. Cmwlth. 2006); *Kester*, 609 A.2d at 625 n.3. Because Stover failed to establish a clear legal right to be released from Progress, we would deny his request for mandamus relief.

[4] Section 5103(a) of the Judicial Code states:

> If an appeal or other matter is taken to or brought in a court . . . of this Commonwealth which does not have jurisdiction of the appeal or other matter, the court . . . shall not quash such appeal or dismiss the matter, but shall transfer the record thereof to the proper tribunal of this Commonwealth, where the appeal or other matter shall be treated as if originally filed in the transferee tribunal on the date when the appeal or other matter was first filed in a court . . . of this Commonwealth.

42 Pa. C.S. §5103(a).

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Jason Stover,                          :
                                       : No. 231 M.D. 2015
                    Petitioner         :
                                       :
          v.                           :
                                       :
Pennsylvania Board of Probation        :
and Parole,                            :
                                       :
                    Respondent         :


O R D E R


AND NOW, this 17<u>th</u> day of <u>November</u>, 2015, we hereby sustain the Pennsylvania Board of Probation and Parole's preliminary objection based on lack of jurisdiction and transfer this matter to the Court of Common Pleas of the 17th Judicial District (Union County Branch).


_____
ROCHELLE S. FRIEDMAN, Senior Judge