IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Mr. Carvell Rice,                          :
                                           : No. 169 M.D. 2015
                    Petitioner             : Submitted: October 9, 2015
                                           :
            v.                             :
                                           :
Pennsylvania Department                    :
of Corrections,                            :
                                           :
                    Respondent             :


BEFORE:   HONORABLE BERNARD L. McGINLEY, Judge
          HONORABLE ROBERT SIMPSON, Judge
          HONORABLE ROCHELLE S. FRIEDMAN, Senior Judge

OPINION NOT REPORTED

MEMORANDUM OPINION
BY SENIOR JUDGE FRIEDMAN                    FILED:  January 5, 2016


          This case arises out of a *pro se* petition for review filed by Carvell Rice naming as respondent the Pennsylvania Department of Corrections (DOC). In his petition for review, Rice, an inmate currently incarcerated at the State Correctional Institution (SCI) at Frackville, seeks an order remanding his grievance to DOC to explain its censoring of Rice's outgoing mail and compelling DOC to dismiss the misconduct charge against him. Presently before this court are the preliminary objections in the nature of a demurrer filed by DOC seeking dismissal of Rice's petition for review. We sustain DOC's preliminary objections and dismiss the petition for review.

In his petition for review, Rice alleges that he filed a grievance on June 20, 2014, because DOC employees made racial comments. Rice further alleges that due to the grievance, DOC employees have retaliated against him by seizing and censoring his mail. Specifically, Rice alleges that on July 18, 2014, he sent a letter to his sister that was seized and censored without probable cause or DOC authority, and, as a result, he received DOC Misconduct Report (Report) No. B400079. The Report states that on July 18, 2014, in violation of DC-ADM 803, Rice, without permission and against a direct written order, attempted to mail correspondence to his sister, which gave explicit directions on how to covert the mail system to allow Rice to correspond with a former inmate. (Report, 7/18/14, at 1.) Due to this violation, DOC issued Report No. B400079 for: (1) using abusive, obscene, or inappropriate language to or about an employee; (2) refusing to obey an order; and (3) unauthorized use of the mail. (*Id.*)

On July 24, 2014, the hearing examiner conducted a misconduct hearing at which Rice stated that no rule violation was cited in the Report and, therefore, he had no way of knowing what violation to defend against. The hearing officer found that Rice committed the alleged misconduct.[1]

On July 26, 2014, Rice filed a second grievance stating that the seizure and censorship of his mail violated his rights. This second grievance was subsequently denied by the grievance officer as frivolous, and Rice appealed to the

---

[1] Rice appealed to the Program Review Committee (PRC) and, on August 9, 2014, the PRC denied his appeal. Thereafter, Rice appealed to the facility manager, who, on August 18, 2014, upheld the PRC's decision. Rice then appealed to the chief hearing examiner for final review. On September 8, 2014, the chief hearing examiner denied Rice's appeal.

facility manager. On September 25, 2014, the facility manager remanded the second grievance for a revised response. On October 7, 2014, the grievance officer again dismissed the second grievance as frivolous.

On October 12, 2014, Rice again appealed the second grievance to the facility manager, questioning his mail surveillance. On October 29, 2014, the facility manager denied the grievance, and Rice appealed to the Secretary's Office of Inmate Grievances and Appeals (Secretary's Office), requesting that the reason for his mail surveillance be addressed. On December 19, 2014, the Secretary's Office remanded the second grievance for a revised response.

On January 6, 2015, the facility manager denied Rice's second grievance as frivolous and issued a revised response. Rice appealed to the Secretary's Office asking why DOC was monitoring his mail. On March 4, 2015, the Secretary's Office denied Rice's appeal due to his failure to provide any new information and determined that Rice's issues had been properly addressed.

Before this court, Rice seeks an order: (1) stating that DOC failed to provide a response to Rice's question as to why his mail was seized, opened, and censored; (2) remanding the second grievance to DOC to answer Rice's question as to whether DOC was justified in opening and reviewing Rice's outgoing mail and whether such seizure of the mail was the result of retaliation; (3) stating that DOC violated Rice's due process rights in refusing to permit Rice to review evidence against him at the misconduct hearing and failing to advise him of the specific rule that was violated; (4) finding that Rice was denied his due process rights during the

misconduct hearing as a result of DOC's failure to advise him of a specific rule violation and its failure to permit Rice to review the evidence against him; and (5) dismissing the misconduct charge against Rice as a result of the constitutional violations.

On July 6, 2015, DOC filed its preliminary objections in the nature of a demurrer to Rice's petition for review.[2] DOC contends that Rice's petition for review should be dismissed because this court lacks subject matter jurisdiction over prison misconducts and grievances.

To the extent Rice seeks to invoke this court's original jurisdiction to review his misconduct and grievance decisions, this court has stated "that those claims could only be brought if the prisoner presented substantial constitutional issues, the prisoner had filed an inmate grievance, and he or she had exhausted internal administrative appeals." *Iseley v. Beard*, 841 A.2d 168, 172 (Pa. Cmwlth. 2004).

Rice contends that his "First and Fourth Amendment Constitutional" rights were violated during his disciplinary proceedings. However, Rice fails to supply any legal support for this argument, only stating that his mail was "censored

---

[2] In ruling on preliminary objections in the nature of a demurrer, this court must accept as true all well-pled allegations of material fact, as well as all inferences reasonably deducible from those facts. *Armstrong County Memorial Hospital v. Department of Public Welfare*, 67 A.3d 160, 170 (Pa. Cmwlth. 2013) (*en banc*). We are not required to accept as true legal conclusions, unwarranted factual inferences, argumentative allegations, or expressions of opinion. *Id.*

and seized in violation of the First and Fourth Amendments" to the United States Constitution. (Pet. for Review, at ¶ 11.)

The Fourth Amendment to the United States Constitution prohibits unreasonable searches and seizures. The First Amendment to the United States Constitution includes a general right to communicate by mail. *Richardson v. Wetzel*, 74 A.3d 353, 357 (Pa. Cmwlth. 2013). However,

> [p]rison inmates do not enjoy the same level of constitutional protections afforded to non-incarcerated citizens. . . . '[I]ncarceration brings about the necessary withdrawal or limitation of many privileges and rights, a retraction justified by the considerations underlying our penal system.' Unless 'an inmate can identify a personal or property interest . . . not limited by [DOC] regulations and which has been affected by a final decision of the [DOC]' the decision is not an adjudication subject to the court's review.

*Bronson v. Central Office Review Committee*, 721 A.2d 357, 359 (Pa. 1998) (citations omitted). Prison inmates do not have the right to correspond with another inmate, either directly or through a third party. DOC directives specify with whom an inmate may correspond and sets forth DOC's right to open, inspect, and reject certain mail. *See* DC-ADM 803. In light of the limitations placed on inmate correspondence by DOC, Rice does not have a constitutional rights claim and, therefore, this court lacks original jurisdiction.

Rice also asserts that this court has appellate jurisdiction over the matter. It is well established that prison officials must be given wide latitude in the promulgation and enforcement of policies to govern internal prison operations and to

5

carry out those policies free from judicial interference in order to preserve order and maintain security within its facilities. *Bronson*, 721 A.2d at 358. DOC policies, including DC-ADM 803, "embody decisions that are inherently committed to the agency's discretion," *Small v. Horn*, 722 A.2d 664, 670 (Pa. 1998), and are not subject to judicial second-guessing in a mandamus action.

In his brief in response to DOC's preliminary objections, Rice contends that this court has jurisdiction because a formal grievance response is an official agency decision.[3] Rice further asserts that he "remain[s] adamant that [his] complaint is about a misconduct." (Rice's Br. at 9.) Rice is essentially asking this court to review DOC's prison misconduct proceedings, which, barring exceptional circumstances, are not subject to judicial review.

The Pennsylvania Supreme Court has consistently held that "an internal administrative tribunal that reviews the grievances and disciplinary sentences of those already confined" is not "a government agency whose final decisions are appealable." *Bronson*, 721 A.2d at 358. *Bronson* further states that "the [C]ommonwealth [C]ourt does not have appellate jurisdiction, under 42 Pa. C.S. §763, over inmate appeals of decisions by intra-prison disciplinary tribunals." *Id.* at 359. The Pennsylvania

---

[3] Rice, in his petition for review before this court, claims that this court has jurisdiction pursuant to 42 Pa. C.S. §726, which gives the Pennsylvania Supreme Court extraordinary jurisdiction over issues of "immediate public importance." This rule, however, applies only to the Pennsylvania Supreme Court and not this court.

6

Supreme Court could not be more clear. Therefore, we conclude that we do not have appellate jurisdiction over Rice's misconduct violation or his grievance.[4]

Accordingly, we sustain DOC's preliminary objections and dismiss Rice's petition for review.

_____
ROCHELLE S. FRIEDMAN, Senior Judge

---

[4] DOC also contends that Rice's petition for review should be dismissed because it fails to set forth any viable legal claim against the respondent for which relief may be granted. However, because we agree that we lack jurisdiction, we need not address DOC's remaining issue. *See Brown v. Department of Corrections*, 601 A.2d 1345, 1346 (Pa. Cmwlth. 1992) (stating that we do not need to address the remaining issues because we lack jurisdiction).

## IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Mr. Carvell Rice, : 
                      : No. 169 M.D. 2015
                Petitioner : 
                      :
           v. :
                      :
Pennsylvania Department : 
of Corrections, :
                      :
              Respondent :

## O R D E R

AND NOW, this 5th day of January, 2016, we hereby sustain the Pennsylvania Department of Corrections' preliminary objections and dismiss the petition for review filed by Carvell Rice.

                                      _____
                                      ROCHELLE S. FRIEDMAN, Senior Judge