J-S03002-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| LATEEF KHADEEN WATTS, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellant | |
| v. | |
| SUPERINTENDENT THOMAS MCGINLEY, PENNSYLVANIA BOARD OF PROBATION AND PAROLE, | |
| Appellees | No. 2845 EDA 2017 |

Appeal from the Order Entered July 31, 2017
In the Court of Common Pleas of Delaware County
Criminal Division at No(s): CP-23-CR-0008178-2005

BEFORE: BENDER, P.J.E., PANELLA, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY BENDER, P.J.E.:           **FILED MARCH 26, 2018**

Lateef Khadeen Watts (Appellant) appeals *pro se* from the order entered on July 31, 2017, that dismissed his petition for writ of *habeas corpus* on the basis that Appellant's maximum sentence had not yet expired and, therefore, the claims Appellant asserted did not fall within the trial court's jurisdiction, citing **Commonwealth, Department of Correction v. Reese**, 774 A.2d 1255 (Pa. Super. 2001). After review, we affirm.

As stated verbatim in his brief, Appellant raises the following issues in this appeal:

> [A.] Did the Common Pleas Court err in dismissing Appellant's habeas Corpus Petition under the auspice that his original

---

[*] Former Justice specially assigned to the Superior Court.

judgment of sentence was NOT completed, thus, misapplying the facts for which was presented, and dismissing his habeas Petition erroneously?

[B.] Did the court of Common Pleas err in dismissing Appellant Habeas Corpus Petition where he suffers a unconstitutional detention against a judicially imposed order issued by Delaware Count court of Common Pleas whereas Pennsylvania Board of Probation and Parole unconstitutionally altered his original maximum sentence without constitutional, statutory, and judicial authority, thus violating Appellant's 14th, 4th, 5th, 8th, and 5th Amendment rights y a continued forced incarceration?

[C.] Whether the Court of Common Pleas err'd in dismissing Appellant's Habeas Corpus Petition when his rights to the Due Process Clause "Liberty Interest" continues to be violated by Governmental State Agency, pursuant to both State and Federal Constitutional mandates?

Appellant's brief at 4.

Despite Appellant's statement of the issues that he attempts to raise in this appeal, the essence of his arguments centers on his allegation that the Pennsylvania Board of Probation and Parole (PBPP) erred in recalculating his maximum release date, which this Court stated in **Reese** is not a proper use of a writ of *habeas corpus*. **See Reese**, 774 A.2d at 1261. Moreover, under the circumstances here, Appellant's challenge should proceed through the PBPP's administrative process with any appeal directed to the Commonwealth Court. **See id.** at 1260.

We have reviewed the certified record, Appellant's brief,[1] the applicable law, and the opinion authored by the Honorable James P. Bradley

---

[1] The Commonwealth/PBPP has not submitted a brief in connection with this appeal.

of the Court of Common Pleas of Delaware County, dated September 20, 2017. We conclude that Judge Bradley's opinion accurately disposes of the arguments raised by Appellant on appeal and we discern no abuse of discretion or error of law. Accordingly, we adopt Judge Bradley's opinion as our own and affirm the July 31, 2017 order on that basis.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 3/26/18

# IN THE COURT OF COMMON PLEAS OF DELAWARE COUNTY, PENNSYLVANIA
## CRIMINAL DIVISION

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | CP-23-CR-8178-2005 |
| | : | |
| vs. | : | |
| | : | |
| LATEEF WATTS | : | 2845 EDA 2017 |
| | : | |

**A. Sheldon Kovach, Esquire, on behalf of the Commonwealth**
**Lateef Watts, *pro se***

## O P I N I O N

Bradley, J.                                          FILED: 9|20|17

Defendant, Lateef Watts, entered a negotiated guilty plea in the above matter before the Honorable Chad F. Kenney, Sr., on April 5, 2006. He was sentenced to a thirty-six to seventy-two month term of incarceration for possession with intent to deliver 19.67 grams of cocaine.

On July 19, 2017 Defendant filed a "Writ of Habeas Corpus Pursuant to 42 Pa.C.S.A. §§ 6501-6505. The petition was dismissed without a hearing on July 31, 2017. In the Order dismissing the petition the court explained, that because Petitioner's maximum sentence had not yet expired the matter was not within the jurisdiction of the trial court, *citing* Commonwealth Dep't of Corrections v. Reese, 774 A.2d 1255, 1261 (Pa. Super. 2001) (challenge the Board of Probation and Parole's recalculation of maximum release date is not

1

a proper use of the writ of *habeas corpus*). Defendant filed a timely appeal, necessitating this Opinion.

Petitioner was convicted of drug offenses in four different cases[1] in Delaware County. The petition alleges that he was released on parole by the Pennsylvania Board of Probation and Parole (PBPP) on August 25, 2010 and later detained on new criminal charges that arose from an arrest in the City of Chester. He entered a negotiated plea to persons not to possess a firearm, 18 Pa.C.S.A. § 6105(A), on December 17, 2013 and was sentenced to thirty to seventy-two months of incarceration. On February 10, 2014 parole on his state sentence was revoked by the PBPP and he was recommitted. His maximum sentence has been recalculated to December 23, 2018. Petitioner objected to this recalculation and, *inter alia*, sought relief administratively before the PBPP and in the Commonwealth Court. Petitioner alleges that he has also sought relief in the Federal District Court and that a petition for a writ of *habeas corpus* filed there was dismissed on January 21, 2016.

Petitioner alleged that he is illegally being held beyond his original maximum sentence and therefore seeks relief before this court by way of the writ of *habeas corpus ad subjiciendum*. The essence of his complaint however, is with the PBPP's recalculation of sentence after he was found in violation of his state parole following new convictions.

---

[1] Case Number 252-06 (sentence of 30 days of probation imposed on 4/5/06); Case Number 3387-06 (sentence of 1 to 2 years of incarceration imposed on 5/31/06); Case Number 253-06 (sentence 12-36 months of incarceration imposed on 4/5/06); Case Number 8178-2005 (sentence of 36-72 months incarceration imposed on 4/5/06). In Philadelphia County (CP-51-CR-0406421-2004) the Petitioner was convicted of carrying firearms without a license. He was found in violation of his sentence in that case on September 12, 2007.

2

When a maximum sentence of more than two years (a "state sentence) is imposed the authority to authority to grant or revoke parole is vested exclusively in the PBPP. See Commonwealth Department of Corrections v. Reese, supra, *citing* Commonwealth v. Tilghman, 652 A.2d 390, 391 (Pa. Super. 1995). The PBPP "has exclusive power 'to parole and reparole, commit and recommit for violations of parole, and to discharge from parole....' 61 P.S. § 331.17. [and] may extend the expiration of an offender's maximum sentence upon his recommitment as a convicted parole violator." Id. *quoting* Eckert v. Pa. Bd. of Probation and Parole, 381 A.2d 1030 (Pa. Comwlth. 1978). A parolee may request administrative review of a PBPP determination and seek appellate review of administrative parole orders in the Commonwealth Court. Id. See also Commonwealth v. Wyatt, 115 A.3d 876 (Pa. Super. 2015) (issues relating to the calculation of sentence must be raised through administrative proceedings or in the Commonwealth Court).

In Reese, supra, the court described the nature of the writ of *habeas corpus*:

> The writ of *habeas corpus* is an extraordinary remedy that is available after other remedies have been exhausted or are ineffectual or nonexistent. Moore v. Roth, 231 Pa.Super. 464, 331 A.2d 509, 511 (1974) (citation omitted). ***The writ will not issue if another remedy exists and is available. Id. The writ is not a substitute for appellate review.*** Commonwealth v. Wolfe, 413 Pa.Super. 583, 605 A.2d 1271 (1992); see Wilson v. Commonwealth, Bureau of Corrections, 85 Pa.Cmwlth. 32, 480 A.2d 392 (1984) (holding that a petition seeking the correction of the Board's action in aggregating a defendant's two sentences does not sound in habeas corpus ); cf. Brown v. Dept. of Corrections, 144 Pa.Cmwlth. 610, 601 A.2d 1345 (1992) (holding that a petition in which prisoners were directly challenging the legality of their continued detention,

3

which was not grounded merely on an administrative calculation, was in the nature of habeas corpus ).

774 A.2d at 1260. (emphasis added).

Petitioner's release date, as calculated by the PBPP, December 23, 2018, has not expired. He is challenging the PPBP's administrative calculation. Under these circumstances the writ of *habeas corpus* is unavailable and jurisdiction does not lie in the Court of Common Pleas. Commonwealth Department of Corrections v. Reese , supra. (writ of *habeas corpus* is not available to challenge Board's recalculation of maximum release date where recalculated date has not expired; petitioner Reese's petition for writ of *habeas corpus* was within the jurisdiction of the trial court where petition challenged continued detention *beyond* recalculated date). See also Brown v. Dep't of Corrections, 144 Pa.Cmwlth. 610, 614, 601 A.2d 1345, 1347 (Pa. Cmwlth. 1992). Petitioner was obligated to seek administrative review and pursue his claims further through the appeals process in the Commonwealth Court.

BY THE COURT:

_____
James P. Bradley,                                    J.

4