# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Marcel Cook, : 
          Petitioner : 
           : 
    v. : No. 472 M.D. 2019
     : SUBMITTED: April 17, 2020
Tom Wolf, Governor of : 
Pennsylvania, et al., : 
          Respondents : 

BEFORE:   HONORABLE MARY HANNAH LEAVITT, President Judge
             HONORABLE ANNE E. COVEY, Judge
             HONORABLE ELLEN CEISLER, Judge

OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE CEISLER                          FILED: May 13, 2020

Before this Court, in our original jurisdiction, are the preliminary objections of Respondents Tom Wolf, Governor of Pennsylvania (Governor Wolf), Joe Scarnati, President Pro Tempore of the Pennsylvania State Senate, and Mike Turzai, Speaker of the Pennsylvania House of Representatives, to a petition for review filed by Marcel Cook (Cook). Cook, currently serving a sentence of life imprisonment following his 1986 guilty plea to second-degree murder, seeks release from the State Correctional Institution in Benner Township, Bellefonte, Pennsylvania (SCI-Benner). Cook argues he is entitled to relief on the basis that Section 1102(a)-(b) of the Crimes Code,[1] which establishes the sentences for murder of the first and second degree, is unconstitutionally vague and unenforceable. Governor Wolf objects that Cook's petition seeks relief in the nature of habeas corpus, which is not within the jurisdiction of this Court. After thorough review, we sustain Governor Wolf's

---

[1] 18 Pa.C.S. § 1102(a)-(b).

preliminary objections on jurisdictional grounds and transfer this matter to a court of proper jurisdiction, pursuant to Section 5103(a) of the Judicial Code.[2]

## I. Background

Cook is currently serving a sentence of life imprisonment following entry of a guilty plea to second-degree murder on July 22, 1986. Cook Petition, Ex. A. In a petition for review filed with this Court on August 22, 2019, Cook argues that Section 1102(a)-(b) of the Crimes Code, which imposes a term of life imprisonment for first- and second-degree murder, is unconstitutionally vague. Cook asserts that Section 1102(a)-(b) only provides for a sentence of life imprisonment and Pennsylvania judges are impermissibly imposing sentences of life imprisonment, without parole, for these offenses. Cook concedes that Section 6137(a)(1) of the Prisons and Parole Code[3] prohibits the Pennsylvania Board of Probation and Parole[4] from releasing an inmate serving a term of life imprisonment. He maintains, however, that Section 1102(a)-(b) of the Crimes Code is constitutionally invalid, as

---

[2] 42 Pa.C.S. § 5103(a). Section 5103(a) provides that, if a matter is brought in a court of this Commonwealth which does not have jurisdiction, the court shall not quash the matter, but shall transfer the record thereof to the proper tribunal of this Commonwealth.

[3] 61 Pa. C.S. § 6137(a)(1). Section 6137(a)(1) was enacted by the Act of August 11, 2009, P.L. 147, and thus not in effect on July 22, 1986, the date Cook pleaded guilty to second-degree murder. Cook's eligibility for parole was governed by Section 21 of the Pennsylvania Board of Probation and Parole Law, Act of August 6, 1941, P.L. 861, *as amended*, *formerly* 61 P.S. § 331.21, repealed by Section 11(b) of the Act of August 11, 2009, P.L. 147. Section 21 likewise prohibited parole for an inmate serving a sentence of life imprisonment.

[4] Subsequent to the filing of Cook's petition for review, the Pennsylvania Board of Probation and Parole has been renamed the Pennsylvania Parole Board. *See* Section 15, 16, and 16.1 of the Act of December 18, 2019, P.L. 776, No. 115 (effective February 18, 2020); *see also* Sections 6101 and 6111(a) of the Prisons and Parole Code, *as amended*, 61 Pa.C.S. §§ 6101, 6111(a).

it "fails to give a person of ordinary intelligence fair notice" that the penalty for first- and second-degree murder is life imprisonment without parole. Cook Petition at 9.

Cook further contends that the enactment of Section 1102(a)-(b) violated Article III, Sections 1 and 3 of the Pennsylvania Constitution.[5] Beyond citing the aforementioned constitutional provisions, however, Cook fails to elucidate how the legislative process behind Section 1102(a)-(b) was constitutionally deficient. By way of relief, Cook seeks release from imprisonment.[6]

Governor Wolf filed preliminary objections asserting the following: (1) Cook's petition was improperly served;[7] (2) Cook's petition seeks relief in the nature of habeas corpus, a matter which falls outside this Court's subject matter jurisdiction; and (3) Cook failed to exhaust his statutory remedies under the Post Conviction Relief Act (PCRA).[8]

Respondents Scarnati and Turzai filed preliminary objections, arguing as follows: (1) Cook failed to exhaust his statutory remedies under the PCRA; (2) Cook failed to aver facts to substantiate claims under Article III, Sections 1 and 3 of the

---

[5] Article III, Section 1 provides that "[n]o law shall be passed except by bill, and no bill shall be so altered or amended, on its passage through either House, as to change its original purpose." Pa. Const. art. III, § 1. Article III, Section 3 provides that "[n]o bill shall be passed containing more than one subject, which shall be clearly expressed in its title, except a general appropriation bill or a bill codifying or compiling the law or a part thereof." Pa. Const. art. III, § 3.

[6] We note that Cook raised the unconstitutionality of Section 1102(b) of the Crimes Code in *Commonwealth v. Cook* (Pa. Super., No. 317 WDA 2017, filed November 19, 2018), 2018 WL 6038568, an unreported decision of the Superior Court, which affirmed the lower court's dismissal of Cook's *fourteenth* petition seeking post-conviction relief as untimely filed.

[7] Following Cook's compliance with the service requirements of Pa. R.A.P. 1514(c), this Court overruled Governor Wolf's first preliminary objection by order dated January 15, 2020.

[8] 42 Pa.C.S. §§ 9541-9546.

Pennsylvania Constitution; (3) Cook failed to state a claim upon which relief could be granted; and (4) Respondents Scarnati and Turzai are immune from suit under the Speech and Debate Clause found in Article II, Section 15 of the Pennsylvania Constitution.[9]

## II. Discussion

At the outset, we must address the jurisdictional issue raised by Governor Wolf in his preliminary objections.[10]

Per Section 761(a)(1)(i) of the Judicial Code, this Court has original jurisdiction of all civil actions or proceedings:

> (1) against the Commonwealth government, including any officer thereof, acting in his official capacity, *except*:
>
> (i) actions or proceedings in the nature of *applications for a writ of habeas corpus* or post-conviction relief *not*

---

[9] Article II, Section 15 of the Pennsylvania Constitution provides that "[t]he members of the General Assembly shall in all cases, except treason, felony, violation of their oath of office, and breach or surety of the peace, be privileged from arrest during their attendance at the sessions of their respective Houses and in going to and returning from the same; and for any speech or debate in either House they shall not be questioned in any other place." Pa. Const. art. III, § 15.

[10] Cook asserts in his reply brief that Governor Wolf's brief in support of his preliminary objections was untimely filed, and, as a consequence, this Court should dismiss Governor Wolf's preliminary objections with prejudice. All Respondents were directed by this Court's January 15, 2020 order to file briefs in support of their preliminary objections by February 14, 2020. In a subsequent order dated February 18, 2020, this Court extended the deadline to March 16, 2020. Governor Wolf's brief in support of his preliminary objections was timely filed on March 16, 2020.

Cook further contends that Respondents failed to address claims Cook asserted in his amended complaint. Cook filed a response, styled as an amended petition, to Governor Wolf's preliminary objections on October 17, 2019. This response was stricken by this Court as a piecemeal filing by order dated October 22, 2019. Cook was granted leave to file an amended petition for review within 30 days of the order's exit date of October 23, 2019. Cook's subsequent "Motion for Leave to File an Amended Complaint" was received by this Court on November 26, 2019, and denied by this Court by order dated December 17, 2019.

4

> *ancillary to proceedings within the appellate jurisdiction* of the court.

42 Pa.C.S. § 761(a)(1)(i) (emphasis added).

Habeas corpus relief is available where a petitioner seeks to test the legality of his commitment and detention. *Wilson v. Pa. Bureau of Corr.*, 480 A.2d 392, 393 (Pa. Cmwlth. 1984). This Court's power to issue writs of habeas corpus must be narrowly confined to matters ancillary to proceedings in our appellate jurisdiction. *Brown v. Dep't of Corr.*, 601 A.2d 1345, 1347 (Pa. Cmwlth. 1992).

At the conclusion of his petition for review, Cook seeks "relief, from such violation that warrants discharge of [Cook] forth with [sic] . . . ." Cook Petition at 14. Cook seeks no other relief beyond his release from imprisonment. Consequently, we must interpret his petition for review as an application for a writ of habeas corpus. Cook has not identified any proceedings, and this Court is not aware of any, that are within the appellate jurisdiction of this Court and ancillary to Cook's application for habeas corpus. As a consequence, we agree with Governor Wolf that this Court lacks jurisdiction over Cook's application for a writ of habeas corpus. Accordingly, Governor Wolf's preliminary objection raising lack of subject matter jurisdiction is sustained.

## III. Conclusion

As Cook's petition for review seeks to challenge the legality of his confinement and, by way of relief, requests his release from imprisonment, we are constrained to treat this matter as an application for a writ of habeas corpus. As no other proceeding involving Cook is pending in our appellate jurisdiction, this Court lacks subject matter jurisdiction to dispose of Cook's application for a writ of habeas corpus. Governor Wolf's preliminary objection raising lack of subject matter jurisdiction is therefore sustained. Cook's sentence of life imprisonment was entered

5

by the Court of Common Pleas of Allegheny County. Cook Petition, Ex. B. Accordingly, Cook's application for a writ of habeas corpus is transferred to the Court of Common Pleas of Allegheny County, which will address the remainder of Governor Wolf's preliminary objections, as well as those raised by Respondents Scarnati and Turzai.

_____<br>
ELLEN CEISLER, Judge

Judges Fizzano Cannon and Crompton did not participate in the decision of this case.

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Marcel Cook,                    :
           Petitioner      :
                          :
      v.                   : No. 472 M.D. 2019
                          :
Tom Wolf, Governor of      :
Pennsylvania, et al.,        :
           Respondents  :

## **O R D E R**

AND NOW, this 13th day of May, 2020, the preliminary objection of Respondent Tom Wolf, Governor of Pennsylvania, raising lack of subject matter jurisdiction is sustained. The application of Marcel Cook for a writ of habeas corpus is transferred to the Court of Common Pleas of Allegheny County, which shall address the remainder of Governor Wolf's preliminary objections, as well as those filed by Joe Scarnati, President Pro Tempore of the Pennsylvania State Senate, and Mike Turzai, Speaker of the Pennsylvania House of Representatives. The Prothonotary of this Court shall transfer the record together with a certified copy of the docket entries to the prothonotary of the Court of Common Pleas of Allegheny County.

Jurisdiction is relinquished.

_____
ELLEN CEISLER, Judge