IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Fabian Alexander Cook,        :
       :
                 Appellant    :
       :
             v.             : No. 58 C.D. 2021
       : Submitted: June 4, 2021
Mark Garman, Sup't Correctional    :
Institution at Rockview           :


BEFORE:    HONORABLE MARY HANNAH LEAVITT, Judge[1]
                HONORABLE MICHAEL H. WOJCIK, Judge
                HONORABLE ELLEN CEISLER, Judge

OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE WOJCIK                           FILED: February 28, 2022

Fabian Alexander Cook (Inmate) appeals the order of the Centre County Court of Common Pleas (trial court) denying his Petition for Writ of Habeas Corpus and Injunction (Petition).[2] We affirm.

Inmate was sentenced by the Berks County Court of Common Pleas to serve a 13- to 53-year sentence of imprisonment following his conviction by a jury of the charges of robbery, possessing instruments of crime, terroristic threats, recklessly endangering another person, and conspiracy to commit robbery. *See Commonwealth v. Cook* (Pa. Super., No. 447 MDA 2018, filed November 21, 2018),

---

[1] This matter was assigned to the panel before January 3, 2022, when President Judge Emerita Leavitt became a senior judge on the Court.

[2] On appeal, Inmate does not contest the trial court's denial of his subsequent petition for the appointment of counsel in these proceedings.

slip op. at 3. He is currently housed at the State Correctional Institution at Rockview (Prison).

On June 3, 2020, Inmate filed the instant Petition, seeking release from custody with conditions, expedited consideration for release on parole, and injunctive relief, based on the Prison's failure to adequately protect him from the harms posed by the COVID-19 pandemic, and bird excrement that is present in his housing unit.[3] Specifically, Inmate alleges that he suffers from asthma, anxiety, depression, and obsessive compulsive disorder so he is at a greater risk of contracting COVID-19 or pneumonia at the Prison based on Superintendent Mark Garman's unwillingness to impose social distancing or take the steps necessary to prevent or contain a COVID-19 outbreak. Inmate contends that his continued incarceration in the Prison during the pandemic constitutes cruel and unusual punishment in violation of his rights as guaranteed by the Eighth Amendment to the United States Constitution.[4]

On August 18, 2020, the trial court conducted a hearing on Inmate's Petition at which Inmate testified, as well as Morris Houser, the Prison's Deputy Superintendent for Centralized Services, and Richard Ellers, the Prison's Healthcare Administrator. On September 1, 2020, the trial court conducted a second hearing on

---

[3] Section 6502(a) of the Judicial Code states: "Any judge of a court of record may issue the writ of habeas corpus to inquire into the cause of detention of any person or for any other lawful purpose." 42 Pa. C.S. §6502(a). "The extraordinary relief of a writ of habeas corpus is available where the petitioner seeks to test the legality of his commitment and detention, or to secure relief from conditions constituting cruel and unusual punishment, even though the detention itself is legal." *Wilson v. Bureau of Corrections*, 480 A.2d 392, 393 (Pa. Cmwlth. 1984) (citation omitted). However, "habeas corpus is not available until all other remedies, including mandamus, have been exhausted." *Tindell v. Department of Corrections*, 87 A.3d 1029, 1038 n.11 (Pa. Cmwlth. 2014) (citations omitted).

[4] U.S. Const. amend. VIII. The Eighth Amendment states: "Excessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted."

Inmate's Petition at which Inmate, Houser, and Ellers again testified. At the conclusion of the second hearing, the trial court denied Inmate's request for injunctive relief. On December 15, 2020, the trial court issued an Opinion and Order denying Inmate's Petition, and Inmate filed the instant appeal.[5]

On appeal, Inmate claims that: (1) the trial court's findings were arbitrary and not supported by the evidence as a whole; (2) the trial court's findings were contrary to law and the requirements of the Eighth Amendment; (3) the trial court's findings were inconsistent with the norms of today's society and the federal Centers for Disease Control's recommendations regarding the ongoing COVID-19 pandemic; and (4) the trial court erred in denying the Petition because the evidence established unconstitutional living conditions, an inadequate environment for social distancing, and inadequate protection from the novel coronavirus including inadequate medical treatment in the event of infection.

However, upon review, we have determined that this matter was ably disposed of in the comprehensive and well-reasoned Opinion of the Honorable Katherine V. Oliver. Accordingly, we affirm the trial court's order on the basis of the Opinion in *Fabian Alexander Cook v. Mark Garman, Sup't Correctional Institution at Rockview* (C.P. Centre, No. 2020-1375, filed December 16, 2020).

MICHAEL H. WOJCIK, Judge

---

[5] "Our review of the trial court's decision is limited to determining whether constitutional rights were violated, whether the trial court abused its discretion, or whether the trial court committed an error of law." *Moss v. SCI-Mahanoy Superintendent Pennsylvania Board of Probation and Parole*, 194 A.3d 1130, 1134 n.5 (Pa. Cmwlth. 2018) (citation omitted). "An abuse of discretion occurs when the trial court has made 'not merely an error of judgment, but where the judgment is manifestly unreasonable or where the law is not applied or where the record shows that the action is a result of partiality, prejudice, bias or ill will.'" *Id.* (citation omitted).

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Fabian Alexander Cook,      :
     :
     Appellant     :
     :
     v.     : No. 58 C.D. 2021
     :
Mark Garman, Sup't Correctional     :
Institution at Rockview     :

# **O R D E R**

AND NOW, this 28th day of February, 2022, the order of the Centre County Court of Common Pleas dated December 16, 2020, is AFFIRMED.

_____
MICHAEL H. WOJCIK, Judge



IN THE COURT OF COMMON PLEAS OF CENTRE COUNTY, PENNSYLVANIA
CIVIL ACTION-LAW

2020 DEC 16 AM 10: 55

JEREMY J. BREON
PROTHONOTARY
CENTRE COUNTY, PA

FABIAN ALEXANDER COOK,  :
        Relator  :
  :
v.  :    No. 2020-1375
  :
MARK GARMAN, SUP'T,  :
CORRECTIONAL INSTITUTION  :
AT ROCKVIEW,  :
        Respondent  :

*Attorney for Relator:*               *Pro Se*
*Attorney for Respondent:*       *Raymond W. Dorian, Esq.*

### Opinion and Order

Presently before the Court is a Petition for Writ of *Habeas Corpus* filed by Relator Fabian Alexander Cook on June 29, 2020. Hearings were held with respect to the Petition and a related petition seeking preliminary injunctive relief, labeled a "Petition for Temporary Restraining Order," on August 18, 2020 and September 1, 2020. At the conclusion of the hearing on September 1, 2020, the Court denied the Petition for Temporary Restraining Order. The parties thereafter filed briefs in support of their respective positions on the underlying *habeas* petition. Relator filed a Supplemental Memorandum of Law, citing to changing conditions at SCI Rockview, on November 20, 2020. On that same date, Relator filed a Petition for Appointment of Counsel.

Having considered the evidence and arguments of both parties, for the reasons discussed below, the Court concludes Relator has not established a right to relief, and, therefore, denies the Petition for *Habeas Corpus*.

### A. Brief Background

Relator is an inmate housed at the State Correctional Institution at Rockview ("SCI-Rockview"), where he is serving a sentence of 13-52 years in prison for robbery and other charges. He will not be eligible for parole until September of 2021. Relator has asthma and various mental illnesses, which he claims make him more susceptible to serious adverse effects should he contract COVID-19. Relator contends his continued confinement in the midst of the COVID-19 pandemic constitutes cruel and unusual punishment in violation of his rights under

O ☐ RD ☐ S

the Eighth Amendment to the United States Constitution. Relator requests that he be released from incarceration and placed on home detention until a vaccine is available or until he is parole-eligible.

## B. *Habeas Corpus* Relief and Eighth Amendment Standards

"The availability of *habeas corpus* in Pennsylvania is both prescribed and limited by statute. Subject to [42 Pa.C.S. §§ 6502, 6503], the writ may issue only when no other remedy is available for the condition the petitioner alleges or available remedies are exhausted or ineffectual." *Commonwealth ex rel. Fortune v. Dragovich*, 792 A.2d 1257, 1259 (Pa. Super. 2002), *appeal denied*, 803 A.2d 732 (Pa. 2002). *Habeas corpus* should not be used as a means to address prison conditions that can be corrected through an appeal to prison authorities or to the appropriate administrative agency. *Rivera v. Pennsylvania DOC*, 837 A.2d 525, 528 (Pa. Super. 2003). Pennsylvania courts have consistently recognized that "'it is not the function of the courts to superintend the treatment and discipline of prisoners in penal institutions.'" *See id.* (quoting *Commonwealth ex rel. Bryant v. Hendrick*, 280 A.2d 110, 113 (Pa. 1971)). In light of these principles, the writ of *habeas corpus* is limited to removing a prisoner from illegal confinement and remedying conditions of confinement so deplorable that they rise to the level of cruel and unusual punishment. *Id.*

In the present case, Relator does not contend his confinement is unlawful; he is imprisoned in SCI Rockview serving a 13 to 26 year sentence for a robbery conviction. Rather, as noted above, in pursuing *habeas* relief, Relator claims the conditions at SCI Rockview are so deplorable as to constitute cruel and unusual punishment.

To establish an Eighth Amendment cruel and unusual punishment claim, an inmate must prove "deliberate indifference" by prison officials to conditions that pose a "substantial risk of serious harm" to the inmate. *See Farmer v. Brennan*, 511 U.S. 825, 834 (1994). In *Thomas v. Corbett*, 90 A.3d 789 (Pa. Commw. Ct. 2014), the Pennsylvania Commonwealth Court summarized the standards for assessing Eighth Amendment claims in the prison setting as follows:

> In order to maintain a claim under the Eighth Amendment based upon prison conditions, an inmate "must satisfy both an objective and subjective test." . . . Under these requirements, an inmate must demonstrate that the deprivation he alleges is "sufficiently serious" and that the correctional institution has deprived him of "minimal civilized measure of life's necessities." Furthermore, an inmate

2

must also demonstrate that the conditions under which he is confined pose a substantial risk of harm and that the officials who have allegedly deprived the inmate of such necessities did so with a sufficiently culpable state of mind and acted with deliberate indifference to the inmate's health or safety.

*Thomas*, 90 A.3d at 797 (citations omitted).

Specifically with respect to medical conditions, the prohibition against cruel and unusual punishment encompasses deliberate indifference to "serious medical needs" of prisoners, which has been determined to constitute constitutionally impermissible "unnecessary and wanton infliction of pain." *Archo v. County of Lehigh*, 922 A.2dd 1010 (2007) (citing Estelle v. Gamble, 429 U.S. 97, 104 (1976)).

## C. Discussion and Analysis

In the instant case, Relator argues that his chronic, intermittent asthma and his various mental health diagnoses constitute serious medical conditions for Eighth Amendment purposes. Relator contends that, because he has an underlying health condition, asthma, he is at increased risk of developing serious, potentially life-threatening, complications from COVID-19 should he become infected. He contends the mitigation efforts at Rockview are so deficient as to demonstrate deliberate indifference to his serious medical needs. Relator also argues that mitigation efforts requiring isolation exacerbate his mental health problems. According to Relator, due to the combination of his medical and mental health conditions and the heightened threat of COVID-19 exposure in the prison setting, his continued incarceration at Rockview constitutes cruel and unusual punishment.

At the hearings in this matter, Relator presented his own testimony and several exhibits, and Respondent presented testimony from Morris Houser, Deputy Superintendent for Centralized Services, and Richard Ellers, Healthcare Administrator for Rockview. Testimony by Mr. Ellers established that Relator has been diagnosed with mild intermittent asthma, a chronic condition, and that he is seen at least annually in the medical clinic for that diagnosis. His last annual clinic visit was in late March of 2020 and no significant issues were noted at that time. Relator was seen again in May of 2020 for complaints; he was provided an additional inhaler to be used on an as needed basis. The evidence established that the medical clinic is regularly available to Relator if he experiences problems, and that none of his medical complaints have been ignored. The evidence also established that, at present, co-pays for medical visits have

3

been waived to encourage inmates to access medical care for flu-like or other symptoms potentially associated with COVID-19. Relator is also followed on a regular basis by the psychiatrist and by psychological counselors at Rockview. At a psychiatric visit in May of 2020, an anxiety-reducing medication was added to Relator's medication regimen to address symptoms he was reporting. The evidence established that a psychological specialist is on-site at Rockview and available for inmate consultation on a continuous basis. In sum, based on the evidence, the Court finds that Relator failed to meet his burden in terms of demonstrating that prison officials have been deliberately indifferent to serious medical needs in terms of his treatment or the availability of care.

The Court is aware that the crux of Relator's claim is that potential exposure to COVID-19 presents a grave risk of danger to him in light of his underlying medical conditions. The Court notes that the potential for exposure to COVID-19 exists in society at-large and is not unique to the prison setting. Nonetheless, it is generally understood that the risk to persons living in a congregate setting, such as a prison facility, is heightened, and the Court is not without sympathy for Relator and others similarly situated. However, assuming, *arguendo*, Relator's physical and mental health diagnoses rise to the level of serious medical conditions, Relator's continued incarceration in the face of a heightened risk of COVID-19 exposure is not sufficient, alone, to establish that the prison officials at SCI Rockview have been deliberately indifferent to Relator's serious medical needs. To ascertain whether Rockview officials have acted with deliberate indifference requires examination of the officials' response to the COVID-19 crisis.

The evidence presented at the hearings in this matter established that officials at SCI Rockview have undertaken, and continue to undertake, substantial measures to protect the SCI Rockview population by mitigating the risk of widespread infection at Rockview. These measures have included reducing the overall population by drastically reducing, if not outright eliminating, intake of new inmates beginning in March of 2020, and by reducing the population through transfers or releases of inmates.[1] As of the time of the testimony in this case, Rockview's population was below maximum capacity by approximately 700 inmates, and additional transfers out of the facility were pending. In addition, numerous other mitigation

---

[1] The Court notes that testimony regarding the Department of Corrections' temporary reprieve program indicated that Relator would not have been an eligible candidate for release.

4

measures were being implemented, including changing housing and dining arrangements to create space for social distancing, suspension of various services associated with heightened risk of transmission, creating in-cell activities as a substitute for out-of-cell programming, developing cohorts for inmate populations for normal daily activities, increased cleaning practices and sanitation measures, provision of personal protection equipment ("PPE") and enforcement of policies regarding use of PPE, elimination of in-person interviews, entrance point daily pre-screening of all staff, encouraging medical visits by elimination of co-pays, frequent mental health checks, and employment of COVID-19 testing and quarantining measures. The adoption and implementation of these facility-wide measures were undertaken in a relatively brief period of time in response to the emerging pandemic and the changing nature of scientific understanding and recommendations. In sum, the evidence established that substantial efforts have been undertaken to reduce risk to the SCI Rockview population, and that these efforts have continued as knowledge of best practices has evolved. The Court concludes the record does not demonstrate deliberate indifference to Relator's serious medical needs based on potential exposure to COVID-19.

In his Supplemental Memorandum of Law filed November 20, 2020, Relator cites to various alleged facts regarding developments that have occurred since the time of the hearings in this matter, including an increase in the number of positive COVID-19 cases among inmates and staff at Rockview. As of the first day of hearings in this case on August 15, 2020, approximately five months into the known outbreak in this country, none of the inmates at SCI Rockview had tested positive for COVID-19 and only three staff had tested positive. According to Relator, as of November 20, those numbers had increased to 11 positive inmates and 10 positive staff cases, and one inmate had died due to virus-associated illness. Assuming these figures to be correct, the Court does not believe the increase in cases demonstrates that prison officials are acting in a deliberately indifferent manner with respect to the risks presented by COVID-19. Tragically, the number of people who have contracted COVID-19, as well as hospitalizations and deaths associated with the virus, have increased exponentially throughout society over the past several months. As discussed above, however, the evidence in this matter demonstrated that prison officials have undertaken substantial mitigation measures, all in a relatively brief period of time, in an effort to adapt the prison-setting to reduce the risk of COVID-19 exposure to the Rockview population. These efforts were ongoing at the time of the hearings, and it is reasonable to infer

5

from the testimony presented that prison officials will continue to use best efforts to protect inmates and staff from pandemic-related dangers and harm. The fact that prison officials cannot completely prevent exposure and transmission in the facility is not evidence that they have acted with deliberate indifference to the serious needs of Relator or other Rockview inmates.

In sum, on review of the evidence presented, the Court concludes Relator has failed to meet his burden of establishing that his continued incarceration at SCI Rockview violates his right to be free from cruel and unusual punishment under the Eighth Amendment.

Consistent with the foregoing, the Court enters the following Order:

## **ORDER**

AND NOW, this 15th day of December, 2020, for the reasons set forth in the accompanying Opinion, Relator Fabian Alexander Cook's Petition for *Habeas Corpus* is DENIED. Realtor's Petition for Appointment of Counsel filed November 20, 2020 is DENIED as moot.

BY THE COURT:

_____
Katherine V. Oliver, Judge

NOTICE OF ENTRY OF ORDER OR DECREE, PURSUANT TO PA. R.C.P. 236 NOTIFICATION. THIS DOCUMENT HAS BEEN FILED IN THIS CASE.

PROTHONOTARY, CENTRE COUNTY, PA.

DATE: 12/17/2020

6