## McIlvaine *v.* State Police.

Argued September 9, 1971, before President Judge BOWMAN and Judges CRUMLISH, JR., KRAMER, WILKINSON, JR., MANDERINO, MENCER and ROGERS.

*Curtis M. Pontz*, Deputy Attorney General, with him *J. Shane Creamer*, Attorney General, for defendant.

*Boyd H. Walker*, with him *Donald H. Lipson and Walker, Walker & Thomas*, for plaintiff.

OPINION BY PRESIDENT JUDGE BOWMAN, December 3, 1971:

Being tested by this mandamus action is the statutorily mandated compulsory resignation of plaintiff from the Pennsylvania State Police upon attaining sixty years of age in accordance with Section 205 of The Administrative Code of 1929,[1] subsection (d), of which provides: "(d) Any member of the Pennsylvania State Police, except the Commissioner and Deputy Commissioner, regardless of rank, who has attained or who shall attain the age of sixty years, shall resign from membership in the said police force: Provided, however, That the provision of this paragraph shall not apply to members of the State Police Force who upon attaining the age of sixty years shall have less than twenty years of service. Upon completion of twenty years of service, the provision of this paragraph shall become applicable to such persons."

It is presently before us on the Commonwealth's preliminary objections in the nature of a demurrer questioning the sufficiency of plaintiff's complaint in stating

---

[1] Act of April 9, 1929, P. L. 177, 71 P.S. §65. Subsection (d) was added by the amendatory Act of July 10, 1957, P. L. 682.

a cause of action. Because it is not entirely clear and free from doubt that plaintiff has failed to state a cause of action we will dismiss the preliminary objections and comment upon the case only to the extent necessary to support our conclusion. "In considering this question we follow '. . . the well established rule that preliminary objections (or pleadings in the nature thereof) admit as true all facts which are well and clearly pleaded, but not the pleader's conclusions or averments of law: [citing cases].' Stahl v. First Pennsylvania Banking and Trust Company, 411 Pa. 121, 126, 191 A. 2d 386, 389 (1963)." *Commonwealth's Crosstown Expressway Appeal*, 3 Pa. Commonwealth Ct. 1, 4,    A. 2d    ,    (1971).

The well pleaded factual averments of the complaint disclose that plaintiff, Joseph F. McIlvaine, joined the Pennsylvania State Police on March 20, 1933 and served continuously therein until July 7, 1970 on which day he attained the age of sixty years, enjoyed the rank of captain and was the commanding officer of a troop.

The following day he was notified by the Commissioner that he was dropped from the rolls of the Pennsylvania State Police effective midnight July 7, 1970 in accordance with Section 205 of The Administrative Code of 1929, *supra*.

The remaining allegations of the complaint are unfortunately less specific and for the most part are mixed averments of fact and conclusions of law or pure conclusions of law which produce the difficulty confronting us in passing upon the Commonwealth's preliminary objections. In essence, the well pleaded averments of fact and the mixed allegations of fact and law raise several basic legal issues at least one of which, if supported by competent evidence, is arguably sustainable.

As we read the complaint, plaintiff contends (a) that the members of the State Police as members of the general class of state employees are arbitrarily and

unreasonably discriminated against by Section 205 in violation of their federal and state constitutional rights and those afforded them by the Pennsylvania Human Relations Act,[2] (b) that Section 205 in excluding the Commissioner, Deputy Commissioner and members of the force attaining sixty years of age but without twenty years of service creates an unreasonable and arbitrary classification as to the class affected, and (c) that it is arbitrary and unreasonable not to provide for a special class of officers whose rank and assignment are less physically demanding.

At argument, in opposition to the Commonwealth's preliminary objections, plaintiff recognizes that mandatory retirement of police officers by reason of age has long been recognized in Pennsylvania if the legislative enactment is uniformly applied and the test of reasonableness is not offended. *See Soltis Appeal*, 390 Pa. 416, 135 A. 2d 744 (1957) ; *Boyle v. Philadelphia*, 338 Pa. 129, 12 A. 2d 43 (1940). It must also be noted that although Section 5 of the Pennsylvania Human Relations Act prohibits discrimination by reason of age, including discharge from employment for this reason, it also recognizes as nondiscriminatory bona fide occupational qualifications and retirement and pension programs which are uniform in their application.

These principles and statutory exceptions are illustrations of the formidable task facing plaintiff in making out his case. They do not, however, in our opinion based upon the averments of plaintiff's complaint, so clearly and undoubtedly mitigate against him as to warrant sustaining the Commonwealth's preliminary objections. No purpose would be served in further commenting upon plaintiff's other contentions at this time.

For the foregoing reasons we make the following

---

[2] Act of October 27, 1955, P. L. 744, as amended, 43 P.S. §951 et seq.

482

### Order

Now, December 3, 1971, the preliminary objections of the Commonwealth are hereby dismissed and defendant is directed to answer plaintiff's complaint within thirty (30) days of the date of this order.