Commonwealth of Pennsylvania, ex rel. Robert Powell, Petitioner, *v.* Louis S. Aytch, Superintendent of the Philadelphia Prisons, Philadelphia, Pennsylvania, and Pennsylvania Board of Probation and Parole, Respondents.

Argued May 9, 1973, before President Judge Bowman and Judges Crumlish, Jr., Kramer, Wilkinson, Jr., Mencer, Rogers and Blatt.

*Clarence A. Dickerson,* with him *Zack, Myers and Atkinson,* for petitioner.

*Marc Kapustin,* Deputy Attorney General, with him *Leonard Packel,* Deputy Attorney General, for respondents.

OPINION BY JUDGE BLATT, September 20, 1973:

On May 12, 1971, Robert Powell was released on parole after serving time in prison for burglary, larceny and receiving stolen goods. On April 25, 1972, he was arrested and subsequently indicted by federal authorities, charged with the interstate transportation of stolen property. Powell posted bond, was released on bail, and notified his parole agent of what had happened. Thereafter, on May 1, 1972, Powell was arrested by his parole agent and a detainer was lodged against him by the Board of Probation and Parole (Board). He was apparently charged with violating his parole conditions as a result of his arrest by federal authorities.

At an Executive Board meeting held on May 26, 1972, the Board ordered the return of Powell to prison, pending disposition of the criminal charges against him. On May 31, 1972, Powell was interviewed at Holmesburg Prison in the presence of his attorney by a representative of the Board. On June 12, 1972, at another Executive Board meeting, the Board "voted to detain Mr. Powell, pending disposition of criminal charges."[1] Powell was subsequently found guilty of the federal charges brought against him, and, on December 26, 1972, he was again interviewed by a representative of the Board. The sketchy record before this Court does not indicate what, if any, further action the Board took.

Powell has filed with this Court a Petition for Writ of Habeas Corpus,[2] to which the respondents have filed

---

[1] This quotation is from a Certificate prepared for this case by the Chairman of the Board.

[2] It is unclear whether or not this Petition is within our jurisdiction as established in Section 401(a)(1) of the Appellate Court Jurisdiction Act of 1970, Act of July 31, 1970, P. L. 673, 17 P.S. §211.401(a)(1). Since neither party has raised this issue here, however, we will not raise it sua sponte, and for the purpose of this opinion will treat the Petition as properly filed. This shall not, however, prejudice the right of any party to raise this jurisdictional question in any future proceedings involving this case.

a preliminary objection in the nature of a demurrer. We must dismiss that objection.

The meager record currently before us does not make clear whether Powell was simply being detained by the Board until his case was disposed of by federal authorities or if he was being recommitted as a technical parole violator pursuant to Section 21.1 of the Act of August 6, 1941, P. L. 861, as amended, 61 P.S. §331.21a(b).

The Petition filed by Powell certainly would indicate that he had been recommitted by the Board as a technical parole violator, for Paragraph 10 states that the Board "had made a determination to recommit Petitioner without the formal hearing wherein Petitioner would have the right to be present along with his attorney." On the other hand, the wording of the preliminary objection, the Certificate prepared by the Chairman of the Board and the brief filed on behalf of the Respondents would indicate that Powell has not been formally recommitted but was merely being detained.[3]

For the purposes of this opinion, however, we must treat as true Powell's allegation that he has actually been recommitted by the Board, because the rule is clear that preliminary objections admit as true all facts which are well and clearly pleaded, even though not admitting the pleader's conclusions or averments of law. *McIlvaine v. State Police*, 3 Pa. Commonwealth Ct. 478 (1971). If, in subsequent proceedings, of course, it is determined that Powell was not in fact recommitted, the respondents can press their defense that the Board can detain a parolee charged with a new offense until such charges have been disposed of by the courts.

---

[3] If Powell was in fact merely being detained pending disposition of the criminal charges against him rather than being recommitted, the proper action to be brought here possibly should have been in mandamus rather than a writ of habeas corpus. *See Commonwealth ex rel. Johnson v. Bookbinder*, 213 Pa. Superior Ct. 335, 247 A. 2d 644 (1968).

Powell's essential contention is that he was denied a proper hearing prior to being recommitted, and certainly a technical parole violator is entitled to a hearing by the Board, with assistance of counsel, prior to recommitment. *Commonwealth v. Tinson*, 433 Pa. 328, 249 A. 2d 549 (1969). Powell did have what arguably might have been considered a hearing, in the presence of counsel, with a representative of the Board, but the recent decision of our Supreme Court in *Commonwealth ex rel. Rambeau v. Rundle*, 455 Pa. 8, 314 A. 2d 842 (1973), seems to require that any final hearing which orders a parolee recommitted must be before all of the members of the Board. Although *Rambeau, supra*, involved convicted, rather than technical, parole violators, the reasoning therein seems applicable to both.

It might also be reasonably argued, because of the heavy administrative burden which will thus otherwise be placed on the Board, that *Rambeau, supra*, should not be applied retroactively to recommitment hearings completed prior to its date of filing. The Supreme Court's recent decisions, however, in *Commonwealth v. Riccobene*, Pa. , 302 A. 2d 843 (1973) and *Commonwealth ex rel. Choice v. Brierley*, 451 Pa. 577, 301 A. 2d 372 (1973), seem to indicate that the decision must be applied retroactively, at least as to litigation already commenced prior to the date of the decision in *Rambeau, supra*.

We hold, therefore, that (all questions of jurisdiction aside) if Powell can prove that he was in fact recommitted as a technical parole violator without receiving a proper hearing, as provided in *Tinson, supra*, and *Rambeau, supra*, he would be entitled to appropriate relief. We, therefore, issue the following

ORDER

Now, September 20, 1973, the preliminary objection of the respondents is dismissed and they are directed to file an answer to Powell's Petition within twenty (20) days after receipt of this Order.