Moore, Appellant, *v*. Roth.

Submitted September 9, 1974. Before WATKINS, P. J., JACOBS, HOFFMAN, CERCONE, PRICE, VAN DER VOORT, and SPAETH, JJ.

*Lawrence A. Ruth,* for appellant.

*Robert A. Greevy,* Assistant Attorney General, *Benjamin Lerner,* Deputy Attorney General, and *Israel Packel,* Attorney General, for appellee.

OPINION BY CERCONE, J., December 11, 1974:

Appellant John O. Moore, while on state parole from a prior conviction and sentence was arrested on a charge of murder on December 30, 1972. Shortly thereafter the Board of Probation and Parole (the Board) lodged a detainer against appellant. In accordance with Title 37 of the Pennsylvania Code, Section 71.1 *et seq.*, a series of hearings were conducted by the Board to determine whether appellant should be recommitted to prison as a parole violator. On March 8, 1973, the Board informed appellant that pursuant to Section 21.1 of the Act of August 6, 1941, P. L. 861, as amended, 61 P.S. § 331.21a(b) he was being recommitted as a technical parole violator pending disposition of the criminal charges. On August 24, 1973, a jury found appellant guilty of voluntary manslaughter.

On October 16, 1973, appellant filed in the Court of Common Pleas of Montgomery County (Civil Division) a pro se petition for a writ of habeas corpus requesting relief from alleged improper actions on the part of the Board in revoking his parole. The lower court dismissed the petition without reaching the substantive issues, declaring that jurisdiction of this matter was vested in the Commonwealth Court. From the lower court's order dismissing the petition the instant appeal followed. We affirm the lower court's well reasoned decision that the Court of Common Pleas does not have jurisdiction at this juncture over a petition for writ of habeas corpus which in substance challenges the actions and procedures of the Board of Probation and Parole in revoking a prisoner's parole and recommitting him to prison.

Section 401(a)(1) of the Appellate Court Jurisdiction Act of 1970, Act of July 31, 1970, P. L. 673, 17 P.S. § 211.401(a)(1) provides, in pertinent part, that the Commonwealth Court shall have original jurisdiction of "all civil actions or proceedings against the Com-

monwealth[1] or an officer thereof, acting in his official capacity, except (i) actions or proceedings in the nature of applications for a writ of habeas corpus or post-conviction relief not ancillary to proceedings within the appellate jurisdiction of the court." Section 401 further declares that such jurisdiction shall be exclusive.

Prior to the enactment of the Appellate Court Jurisdiction Act and the creation of the Commonwealth Court, it was firmly established that courts of common pleas had no jurisdiction over actions or proceedings which were in essence complaints against state agencies or officials that administered the parole system, "and which were not direct or collateral challenges upon a conviction or sentence even though the criminal sentence was drawn into question. *Commonwealth v. Vladyka,* Pa. Commonwealth Ct., 282 A.2d 393 (1971); *Commonwealth ex rel. Johnson v. Bookbinder,* 213 Pa. Superior Ct. 335, 247 A.2d 644 (1968). Jurisdiction over cases of this nature was conferred exclusively upon the Court of Common Pleas of Dauphin County, which entered such cases in its "Commonwealth Docket." *Williams v. Board of Probation and Parole,* 2 Pa. Commonwealth Ct. 312, 315 (1971); *Commonwealth v. Vladyka,* supra, at 394. Furthermore, subsection (3) of Section 401(a) of the Appellate Court Jurisdiction Act, supra, provides that the Commonwealth Court shall also have original jurisdiction in all civil actions or proceedings as vested in it by Section 508 of the Act. Section 508(c) in turn declares that the Commonwealth Court shall have jurisdiction over every civil action or proceeding previously entered in the "Docket of Commonwealth Cases" in the Court of Common Pleas of Dauphin County.

---

[1] Section 102 of the Appellate Court Jurisdiction Act defines "Commonwealth" to include its departmental and independent administrative boards and commissions.

The net effect of these provisions is to confer upon the Commonwealth Court exclusive jurisdiction over actions such as appellant's which in substance challenges the acts and proceedings of the Board.

Although we now hold that jurisdiction over the instant matter rests exclusively with the Commonwealth Court, there apparently is still some confusion as to whether appellant, and others similarly situated, should pursue their challenges through a writ of habeas corpus or by way of a mandamus action.[2] In *Commonwealth ex rel. Johnson v. Bookbinder*, 213 Pa. Superior Ct. 335, 339, 247 A.2d 644 (1968) we held: "Habeas corpus is an extraordinary remedy and is available after other remedies have been exhausted or are ineffectual or nonexistent. It will not issue if another remedy exists and is available. Commonwealth ex rel. Henderson v. Baldi, 372 Pa. 463, 93 A.2d 458 (1953); Commonwealth ex rel. McGlinn v. Smith, 344 Pa. 41, 24 A.2d 1 (1942); Commonwealth of Pennsylvania ex rel. J. McD. Scott v. John McAleese, 192 Pa. 410, 43 A. 1079 (1899). It is not available when mandamus is employable. United States ex rel. Bogish v. Tees, 211 F.2d 69; United States ex rel. Wing v. Commonwealth, 90 F. Supp. 208.

"Mandamus is available in such cases as the present to compel the Board of Parole to conduct a hearing or to correct a mistake in applying the law. Commonwealth ex rel. Salerno v. Banmiller, 189 Pa. Superior Ct. 156, 149 A.2d 501 (1959)."

Appellant's petition, in essence, alleges that the Board failed to act in conformity with the applicable

---

[2] In *Commonwealth ex rel. Powell v. Aytch*, 10 Pa. Commonwealth Ct. 218, 219 n.2, 220 n.3, 309 A.2d 734 (1973), the Commonwealth Court expressed uncertainty as to both jurisdiction over the subject matter, and the proper type of action to be brought in a case somewhat similar to the instant appeal. Neither issue, however, was decided by the Commonwealth Court.

law in conducting his hearing.[3] Accordingly, a mandamus action brought in the Commonwealth Court is available to the appellant in his attempt to substantiate these allegations and, should the allegations be proved, to compel the Board to take appropriate corrective action.

Order affirmed.

---

[3] Appellant claims, inter alia, that he was not permitted to confront his accusers, nor was his hearing held before the entire Board.