Fredrick A. Hunter, Petitioner *v.* John J. Burke, Superintendent of the Pennsylvania Board of Probation and Parole, and James F. Howard, Superintendent of State Correctional Institution at Pittsburgh, Respondents.

Submitted on briefs, March 18, 1977, to President Judge BOWMAN and Judges CRUMLISH, JR., KRAMER, WILKINSON, JR., MENCER, ROGERS and BLATT. Judge KRAMER did not participate in the decision.

*Fredrick A. Hunter*, Petitioner, for himself.

*Glenn Gilman*, Deputy Attorney General, with him *J. Andrew Smyser*, Deputy Attorney General, and *Robert P. Kane*, Attorney General, for Respondents.

OPINION BY JUDGE MENCER, September 13, 1977:

Fredrick A. Hunter (Hunter) filed in this Court on February 18, 1977 a "Petition for Writ of Mandamus" which we have treated as a petition for review pursuant to the Pennsylvania Rules of Appellate Procedure. The respondents[1] filed preliminary objections which, following the submission of briefs, are now before us for our disposition.

The following facts can be gleaned from the pleadings and briefs. Hunter was sentenced by the Court of Common Pleas of Philadelphia County to serve a total of not less than 10 nor more than 20 years in a state prison, to be computed from June 20, 1960. On December 22, 1972, he was released from the penitentiary and placed on parole. On November 27, 1974, Hunter was arrested on new charges and confined at the Allegheny County Jail. After being found guilty as charged on May 8, 1975, Hunter was sentenced on January 14, 1977 to serve not less than 2 years nor more than 5 years, to be computed from November 27, 1974.

Hunter alleges that the Pennsylvania Board of Probation and Parole, after filing a parole detainer

---

[1] The complaint named the respondents as John J. Burke, Superintendent of the Pennsylvania Board of Probation and Parole, and James F. Howard, Superintendent of the State Correctional Institution at Pittsburgh.

with the Allegheny County officials, revoked his parole, without hearing, on January 28, 1976, a date after his being found guilty of the charges lodged in Allegheny County but prior to his sentence thereon. On January 17, 1977, Hunter was returned to a state correctional institution.

In his brief, Hunter states the issues to be (1) may a prisoner have a revocation hearing before he is stripped of his parole? and (2) does a prisoner have a right to a parole hearing at the end of the minimum term of his sentence?[2] The respondents state the issues to be (1) whether mandamus[3] is an appropriate vehicle to obtain the relief sought and (2) whether the petition states a claim upon which relief can be granted.

In *Commonwealth ex rel. Rambeau v. Rundle,* 455 Pa. 8, 314 A.2d 842 (1973), our Supreme Court held that a hearing is required before parole is revoked, as a matter of constitutional due process for convicted parole violators as well as technical parole violators. Hunter's petition alleges that no such hearing was held, and the respondents' preliminary objections do not dispute or challenge this key allegation.

We hold, therefore, that if Hunter can prove that he was in fact recommitted as a convicted parole violator without receiving a proper hearing as required by *Commonwealth ex rel. Rambeau v. Rundle, supra,* he will be entitled to appropriate relief. *See Commonwealth ex rel. Powell v. Aytch,* 10 Pa. Commonwealth Ct. 218, 309 A.2d 734 (1973). We therefore issue the following

---

[2] The Pennsylvania Board of Probation and Parole is under no duty to hold a hearing or parole a prisoner at the expiration of his minimum sentence. *Commonwealth v. Vladyka,* 425 Pa. 603, 229 A.2d 920 (1967).

[3] *See Moore v. Roth,* 231 Pa. Superior Ct. 464, 331 A.2d 509 (1974).

570

ORDER

Now, this 13th day of September, 1977, the preliminary objections of the respondents are dismissed, and they are directed to file an answer to Fredrick A. Hunter's petition within twenty (20) days after. receipt of a copy of this order.

Judge KRAMER did not participate in the decision in this case.