Fredrick A. Hunter, Petitioner *v.* John J. Burke, Superintendent of the Pennsylvania Board of Probation and Parole, and James F. Howard, Superintendent of State Correctional Institution at Pittsburgh, Respondents.

Submitted on briefs, April 11, 1978, to President Judge BOWMAN and Judges CRUMLISH, JR., WILKINSON, JR., MENCER, ROGERS, BLATT and DiSALLE.

*Fredrick A. Hunter*, petitioner, for himself.

*Robert A. Greevy,* Assistant Attorney General, with him *Robert P. Kane,* Attorney General, for respondent.

OPINION BY JUDGE MENCER, July 3, 1978:

Fredrick A. Hunter (Hunter) filed in this Court on February 18, 1977 a "Petition for Writ of Mandamus" which we have treated as a petition for review pursuant to the Pennsylvania Rules of Appellate Procedure. The respondents[1] filed preliminary objections which were dismissed, and we directed the filing of an answer to Hunter's petition. *Hunter v. Burke,* 31 Pa. Commonwealth Ct. 567, 377 A.2d 851 (1977). On October 4, 1977, respondents filed an answer to the petition for review, and thereafter Hunter filed a pleading captioned "Traverse to Answer to Petition for Review." On February 9, 1978, Hunter filed a motion for summary judgment, and on February 15, 1978, respondents filed a cross-motion for summary judgment. These motions for summary judgment are now before us for our disposition.

The following facts can be gleaned from the pleadings and briefs. Hunter was sentenced by the Court of Common Pleas of Philadelphia County to serve a total of not less than 10 nor more than 20 years in a state prison, to be computed from June 20, 1960. On December 22, 1972, he was released from the penitentiary and placed on parole. On November 27, 1974, Hunter was arrested on new charges and confined at the Allegheny County Jail. After being found guilty as charged on May 8, 1975, Hunter was sentenced on January 14, 1977 to serve not less than 2 years nor

---

[1] The complaint named the respondents as John J. Burke, Superintendent of the Pennsylvania Board of Probation and Parole, and James F. Howard, Superintendent of the State Correctional Institution at Pittsburgh.

more than 5 years, to be computed from November 27, 1974.

Hunter alleges that the Pennsylvania Board of Probation and Parole, after filing a parole detainer with the Allegheny County officials, revoked his parole, without hearing, on January 28, 1976, a date after his being found guilty of the charges lodged in Allegheny County but prior to his sentence thereon. On January 17, 1977, Hunter was returned to a state correctional institution.

In *Commonwealth ex rel. Rambeau v. Rundle,* 455 Pa. 8, 314 A.2d 842 (1973), our Supreme Court held that a hearing is required before parole is revoked, as a matter of constitutional due process for convicted parole violators as well as technical parole violators. The Supreme Court further stated:

It seems elementary that the right to be heard in person becomes meaningless unless the convicted parole violator is heard personally by the people who must make the decision regarding his recommitment, i.e., the entire parole board, not by some third party, or by only one member, who then relates the convicted violator's case, second hand, to the rest of the board.

455 Pa. at 20, 314 A.2d at 848.

The respondents, in their answer and brief filed with this Court, assert that on January 15, 1976 Hunter was afforded a revocation hearing at the Allegheny County Courthouse by a representative of the Pennsylvania Board of Probation and Parole, District Supervisor Louis I. Gorski. Subsequently, the Board took action, on January 28, 1976, to recommit Hunter as a convicted parole violator. It is the respondents' contention that the revocation hearing before District Supervisor Gorski was sufficient and fulfilled their legal obligation to Hunter relative to providing him with the required revocation hearing. Our read-

394

ing of *Commonwealth ex rel. Rambeau v. Rundle, supra,* compels us to disagree with the respondents' contention. We hold to the view that Hunter, as a convicted parole violator, was entitled to a revocation hearing before the entire parole board. Since admittedly this was not done, we do afford Hunter relief. We therefore issue the following

### Order

Now, this 3rd day of July, 1978, the motion for summary judgment of Fredrick A. Hunter is hereby granted, and the order of the Pennsylvania Board of Probation and Parole, under date of January 28, 1976, revoking the parole of Fredrick A. Hunter, is hereby set aside and case remanded for new revocation hearing. The motion for summary judgment of John J. Burke, Superintendent of the Pennsylvania Board of Probation and Parole, and James F. Howard, Superintendent of the State Correctional Institution at Pittsburgh, respondents, is hereby denied.