567 A.2d 693

**COMMONWEALTH of Pennsylvania**

v.

**Robert LeGRANDE, Appellant.**

Superior Court of Pennsylvania.

Submitted Sept. 11, 1989.

Filed Dec. 13, 1989.

Melvin L. Vatz, Pittsburgh, for appellant.

Kemal A. Mericli, Asst. Dist. Atty., Pittsburgh, for Com., appellee.

Before ROWLEY, KELLY and CERCONE, JJ.

ROWLEY, Judge:

This is an appeal from an order of the Allegheny County Court of Common Pleas denying post-conviction relief to appellant, Robert LeGrande. We affirm.

In 1969, The Honorable James McLean of the Allegheny County Court of Common Pleas sentenced appellant to a seven and one half to fifteen year prison term following his convictions for attempted robbery and receiving stolen goods. This sentence was to be served concurrently with a federal sentence appellant was already serving. Appellant was paroled on the 1969 State sentence in 1976. In 1982, while on parole, appellant was charged and convicted in both State and Federal Court of crimes committed while on parole. On the new federal charges, bank robbery, appellant was sentenced to 12 years imprisonment. On the new state charges, forgery, he was sentenced to a term of 3½–7 years imprisonment, to be served concurrently with the new federal sentence.

Upon being paroled on the 12–year federal sentence in 1987, appellant was released from the federal prison authorities to the State Board of Probation and Parole on a detainer for violation of the 1969 State sentence. Following a hearing before the Pennsylvania Board of Probation and

Parole, the Board set appellant's parole maximum date and reparole eligibility date.

On May 11, 1988, LeGrande filed a petition in the Allegheny County Court of Common Pleas for post-conviction relief under the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541–9546. Therein, he asserted that the Parole Board incorrectly calculated his reparole eligibility and parole maximum dates. The petition was dismissed by opinion and order dated January 31, 1989, on the basis that appellant had no justifiable claim. This appeal followed.

On appeal, appellant raises the following issue for our review: whether the petitioner's constitutional rights have been violated by the improper crediting of time served to the sentence imposed on July 9, 1982, in State court on the forgery charges. He argues that in effect, the Parole Board's determination delayed his parole eligibility on the 1982 State sentence by an extra 196 days while he serves his back time on his 1969 State sentence. He contends that if he had been credited on the back time sentence rather than on the 1982 sentence, then he would have been eligible for parole on the 1982 sentence 196 days earlier. This denial of timely parole eligibility also impacts on his parole violation maximum date.

We do not reach the merits of Appellant's issue on appeal, because we agree with the Commonwealth's assertion that the Court of Common Pleas lacked jurisdiction to review the Parole Board's determinations of parole eligibility and conditions. In *Commonwealth v. McDermott*, 377 Pa.Super. 623, 547 A.2d 1236 (1988), we set forth the procedures to be followed in applying for parole. Therein, we stated that the Superior Court maintains exclusive jurisdiction over appeals from Court of Common Pleas parole orders, and the Commonwealth Court has exclusive jurisdiction over administrative parole orders. *Id.*, 377 Pa.Superior Ct. at 632, 547 A.2d at 1240. Moreover, "attempts to circumvent the Commonwealth Court's exclusive jurisdiction over administrative parole matters via Post Conviction Hearing Act and *habeas corpus* petitions have been reject-

ed." *Id.; see also Commonwealth v. Perry,* 386 Pa.Super. 534, 563 A.2d 511 (1989) (PCRA petition was not the proper vehicle for appellant to raise allegation that the Bureau of Corrections had erred in calculating his credit for time served); *Bronson v. Commonwealth, Board of Probation and Parole,* 491 Pa. 549, 421 A.2d 1021 (1980) (court noted constitutional right of appeal from administrative agency determinations, such as those of the Parole Board, and stated that the legislature intended that appeals from agency action be brought in Commonwealth Court).

Appellant is not directly appealing the Parole Board's decision to credit his 1982 State sentence rather than his back time sentence; instead, he is appealing Judge Clarke's denial of his PCRA petition. This issue is controlled by *Commonwealth v. Fells,* 513 Pa. 18, 518 A.2d 544 (1986) (per curiam). In *Fells,* the defendant filed a PCHA petition in the Court of Common Pleas, challenging the Parole Board's decision to revoke his parole. In response, the Pennsylvania Supreme Court held that:

> [T]hat Court lacks jurisdiction over appeals from parole revocation, 61 P.S. § 331.17, and a Post Conviction Hearing Act [42 Pa.C.S.A. §§ 9541–9551 (Purdon 1982) (repealed 1988)] proceeding is not an appropriate remedy for such matters. A parole revocation is neither a conviction nor a sentence, but an administrative proceeding. Parole questions are in the appellate jurisdiction of Commonwealth Court.

513 Pa. at 20, 518 A.2d at 544; *see also Moore v. Roth,* 231 Pa.Super. 464, 331 A.2d 509 (1974) (accord).

Although Appellant does not claim the actual revocation of parole, his petition involves the Parole Board's decision on a parole issue. In light of *Fells,* we hold that the PCRA, like the PCHA, is not the proper avenue for Appellant to pursue his claim; the PCRA court was without jurisdiction to entertain the substantive issue raised in his petition. Accordingly, the order dismissing Appellant's PCRA petition is affirmed.

Order affirmed.