## Commonwealth v. Feilke

*Christopher Asplen, assistant district attorney,* for the Commonwealth
*Ann Faust,* for defendant.

GARB, *J.,* July 28, 1993—Petitioner filed a petition in the Commonwealth Court invoking its original jurisdiction pursuant to the provisions of 42 Pa.C.S. §761. By that petition, he challenged the manner in which his back time had been calculated by the Pennsylvania Board of Probation and Parole.[1] He apparently stylized that petition as in the nature of a petition for a writ of habeas corpus. By memorandum and order, per cu-

---

1. At the hearing held before the undersigned, it was established that he actually challenges a sentence entered by the Court of Common Pleas of Montgomery County and not by this court. However, the confusion arose because both sentences were concurrent.

riam, the Commonwealth Court entered an order on March 4, 1993 asserting that it had no jurisdiction over the matter and thereby transferred the matter to this court. As a result of that, we appointed counsel for the petitioner and held a hearing.

It was apparent at the hearing that petitioner challenges the action of the Pennsylvania Board of Probation and Parole. That board was represented by counsel at the hearing. In view of the foregoing, it is obvious to us that we have no jurisdiction by virtue of section 761 of the Judicial Code. The Commonwealth Court has original jurisdiction of all civil actions or proceedings against the Commonwealth or an officer thereof, acting in his official capacity, and that includes proceedings against the Pennsylvania Board of Probation and Parole. *Moore v. Roth,* 231 Pa. Super. 464, 331 A.2d 509 (1974). The appropriate form of action in the Commonwealth Court is by a petition for a writ of mandamus. We assume that the Commonwealth Court will consider this matter as a petition for a writ of mandamus.

Accordingly, we will refuse any relief to the petitioner because we believe that we lack jurisdiction. However, we will transfer the matter back to the Commonwealth Court in the hopes that the substantive matters of this petition can be addressed by a court of proper jurisdiction.

## ORDER

And now, to wit, July 28, 1993, it is hereby ordered that the application for relief in this court is refused.

The matter is transferred to the Commonwealth Court, and the clerk of courts of the Court of Common Pleas of Bucks County is directed to certify and transmit all court documents to the Commonwealth Court.