J-S22015-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| TIMOTHY CHRISTOPHER GLASGOW, | |
| Appellant | No. 3076 EDA 2017 |

Appeal from the Order Entered September 6, 2017
In the Court of Common Pleas of Lehigh County
Criminal Division at No(s):   CP-39-CR-0003118-2001

BEFORE:  BENDER, P.J.E., STABILE, J., and PLATT, J.[*]

MEMORANDUM BY BENDER, P.J.E.:                **FILED JULY 16, 2018**

Appellant, Timothy Christopher Glasgow, appeals from the order denying his *habeas corpus* petition for want of subject matter jurisdiction. Appellant claims that his only remedy lies in *habeas* review, whereas the trial court ruled that the Parole Act dictates that Appellant's remedy lies with the Board of Probation and Parole and the Commonwealth Court.  After careful review, we affirm.

The trial court provided the relevant procedural history for this case as follows:

> On May 13, 2003, [A]ppellant entered guilty pleas to five (5) counts of Burglary, and *nolo contendere* pleas to thirteen (13) counts of Theft by Unlawful Taking and one (1) count of Attempted Theft by Unlawful Taking. [A]ppellant burglarized the homes of

---

[*] Retired Senior Judge assigned to the Superior Court.

five (5) families, and also committed or attempted to commit fourteen (14) auto thefts.

[A]ppellant also entered a *nolo contendere* plea in Lehigh County No. CR-3448-2002 to Criminal Solicitation to Commit Murder. [A]ppellant solicited an undercover state trooper to murder a witness in his other cases.

On July 23, 2003, after receipt and review of a presentence report, and at the conclusion of a sentencing hearing, [A]ppellant received a total sentence of not less than eighty-four (84) months nor more than one hundred sixty-eight (168) months in a state correctional institution. On August 8, 2003, post-sentence motions were denied. No appeals were filed.

On August 1, 2017, almost fourteen (14) years after [A]ppellant's judgment of sentence became final, he filed a "Petition for Writ of *Habeas Corpus*" (hereinafter *Habeas Corpus*). [A]ppellant in that petition outlined his history of incarceration, including his parole and subsequent recommitment on a parole violation. Based upon his petition, it appears that [A]ppellant was convicted of a new offense and sentenced to not less than four (4) years['] nor more than eight (8) years['] imprisonment. The relief [A]ppellant requested in his *Habeas Corpus* petition was his "discharge from custody" on the charges for which sentence was imposed by this [c]ourt.

On September 6, 2017, the "Petition for Writ of *Habeas Corpus*" was denied without a hearing. A Notice of Appeal was filed on September 22, 2017. [A]ppellant was directed to file a Concise Statement pursuant to Pa.R.A.P. 1925(b) on October 3, 2017. [A]ppellant[,] in his "1925([b]) Concise Statement of Matters Complained of on Appeal" objects to the action of the Pennsylvania Board of Probation and Parole, and the dismissal of his petition without a hearing.

Trial Court Opinion (TCO), 10/23/17, at 1-2 (footnotes omitted).

Appellant now presents the following questions for our review:

A. Whether the sentencing court abused its discretion when it dismissed [A]ppellant's writ of *habeas corpus* without a hearing after the [Pennsylvania Board of Probation and Parole, hereinafter "PBPP"] and [Department of Corrections, hereinafter "DOC"] failed to honor the maximum sentence imposed order after the maximum sentence had been served in its entirety but the [PBPP]

and [DOC] refuses to release him from custody on that judicially-imposed already[-]served maximum sentence?

B. Whether the sentencing court's "no less than" and "nor more than" mandatory minimum and maximum sentencing order may be declared null, void and without legal effect or force, by the [PBPP] and the [DOC], legislative creatures [of the] legislative branch, when: 1) the "no less than" and "nor more than" mandatory minimum and maximum sentencing order is the order giving the [PBPP] and [DOC] its legal jurisdiction and au[th]ority from the sentencing's start[/effective] date[, halfway served "no less than" minimum sentence date], and expiring [ending/completely served] "nor more than" mandatory maximum [sentence date]; and 2) when no delinquent time, no escape time, no absconding time, no service of another [sentence] time exists to justify the extending and altering of the "nor more than" mandatory maximum [sentence date] set by the sentencing court's order on sentencing day?

Appellant's Brief at v (unnecessary capitalization omitted, some brackets in original).

Essentially, in Appellant's second issue, he claims that the PBPP lacked the authority to alter the projected date of the end of his maximum sentence, initially slated for May 1, 2015, and which he construes as the PBPP's rendering the original sentencing order null and void. Relating back to his first issue, Appellant asserts that the trial court erred when it dismissed his *habeas* petition without a hearing on the basis of a lack of subject matter jurisdiction because, he contends, the PBPP's exclusive authority over parole matters did not extend beyond May 1, 2015, the original date envisioned for the end of his maximum term. Thus, Appellant contends, his remedy for his ostensible illegal confinement lies in *habeas*.

Under Pennsylvania law, the authority to parole convicted offenders "is split between the common pleas courts and the

[PBPP]." **Commonwealth v. Tilghman**, 438 Pa.Super. 313, 652 A.2d 390, 391 (1995), *aff'd*, 543 Pa. 578, 673 A.2d 898 (1996). "When an offender is sentenced to a maximum term of imprisonment of less than two years, the common pleas court retains authority to grant and revoke parole; when the maximum term is two years or more, authority to grant or revoke parole is vested in the [PBPP]." **Id.**

For prisoners whose maximum sentence is two years or more, the [PBPP] has exclusive power "to parole and reparole, commit and recommit for violations of parole, and to discharge from parole...." 61 P.S. § 331.17. The [PBPP] may extend the expiration of an offender's maximum sentence upon his recommitment as a convicted parole violator. 61 P.S. § 331.21a; **Eckert v. Pa. Bd. of Probation and Parole**, 33 Pa. Cmwlth. 390, 381 A.2d 1030 (1978).

A parolee may request administrative review of a [PBPP] determination, "relating to revocation decisions," within thirty days of the mailing date of the [PBPP]'s determination. 37 Pa. Code § 73.1(b)(1); **accord Cadogan v. Commonwealth**, Pa. Bd. of Probation and Parole 116 Pa. Cmwlth. 249, 541 A.2d 832, 833 (1988) (construing former 37 Pa. Code § 71.5(h)). Appellate review of administrative parole orders, *i.e.*, orders issued by the [PBPP] as opposed to parole orders issued by common pleas courts, is within the exclusive jurisdiction of the Commonwealth Court. **Commonwealth v. McDermott**, 377 Pa. Super. 623, 547 A.2d 1236 (1988); **see also Commonwealth v. Fells**, 513 Pa. 18, 518 A.2d 544 (1986) (holding that questions concerning orders of the [PBPP] are in the appellate jurisdiction of the Commonwealth Court); **Evans v. Pa. Dept. of Corrections**, 713 A.2d 741, 743 (Pa. Cmwlth. 1998) (holding that an appeal from a [PBPP] decision extending the defendant's maximum release date was within Commonwealth Court's appellate jurisdiction). A parolee is required to exhaust all of his administrative remedies before he has a right to judicial review of an order of the [PBPP]. **Evans**, 713 A.2d at 743; **St. Clair v. Commonwealth, Pa. Bd. of Probation and Parole**, 89 Pa. Cmwlth. 561, 493 A.2d 146 (1985).

The writ of *habeas corpus* is an extraordinary remedy that is available after other remedies have been exhausted or are ineffectual or nonexistent. **Moore v. Roth**, 231 Pa. Super. 464, 331 A.2d 509, 511 (1974) (citation omitted). The writ will not issue if another remedy exists and is available. **Id.** The writ is

- 4 -

not a substitute for appellate review. ***Commonwealth v. Wolfe***, 413 Pa. Super. 583, 605 A.2d 1271 (1992); ***see Wilson v. Commonwealth, Bureau of Corrections***, 85 Pa. Cmwlth. 32, 480 A.2d 392 (1984) (holding that a petition seeking the correction of the [PBPP]'s action in aggregating a defendant's two sentences does not sound in *habeas corpus*); ***cf. Brown v. Dept. of Corrections***, 144 Pa. Cmwlth. 610, 601 A.2d 1345 (1992) (holding that a petition in which prisoners were directly challenging the legality of their continued detention, which was not grounded merely on an administrative calculation, was in the nature of *habeas corpus*).

***Com., Dept. of Corrections v. Reese***, 774 A.2d 1255, 1259–60 (Pa. Super. 2001) (footnote omitted).

In ***Reese***, the DOC appealed from a pair of trial court orders that granted two *habeas* petitions on the basis that the petitioners' maximum release date had passed. Analogous to Appellant's circumstances in the case *sub judice*, the initially projected dates for the ***Reese*** petitioners' completion of their maximum terms of incarceration were extended by the PBPP because the petitioners had reoffended while at liberty on parole. With regard to one petitioner, Reese, the Court determined that the remedy of *habeas corpus* was available to him because he filed his *habeas* petition after the PBPP's recalculated maximum release date had expired. ***Id.*** at 1261. However, the other petitioner, Richart, filed his *habeas* petition before the PBPP's recalculated maximum release date expired. The ***Reese*** Court determined that under those circumstances, "Richart was using his Petition for *habeas corpus* relief to challenge the Board's recalculation of his maximum release date." ***Id.*** The ***Reese*** Court concluded that "the trial court did not have jurisdiction to hear Richart's Petition" because at "the time he filed his Petition

for a writ for *habeas corpus*, Richart's maximum sentence, **as calculated by the Board**, had not expired." **Id** (emphasis added).

The crux of Appellant's argument in his Brief is that the July 23, 2003 sentencing order is binding and, therefore, cannot be extended by the PBPP. That argument is contrary to our decision in **Reese**, as Richart filed his *habeas* petition **after** his original maximum release date, but **before** the PBPP's recalculated maximum release date expired. Clearly, the PBPP can alter the calculation of a maximum release date from that which would have existed based on the original sentencing order alone. Any argument to the contrary is meritless.

As indicated in Appellant's *habeas* petition, however, when the PBPP effectively extended his maximum release date by 21 months, it did so on June 16, 2015, ostensibly after the original maximum release date passed. **See** *Habeas* Petition, 8/1/17, at 3 ¶ 7 (unnumbered pages). Thus, Appellant appears to argue in the alternative that, even if the PBPP can extend a maximum release date under certain circumstances, it cannot do so after that date has passed.

However, before we answer any such question on the merits, Appellant must convince us that a remedy cannot be found in an administrative appeal with the PBPP and, if unsuccessful, in the Commonwealth Court. Appellant provides scant argument on this point. The writ of *habeas corpus* can only apply "after other remedies have been exhausted or are ineffectual or nonexistent." **Reese**, 774 A.2d at 1260. This threshold question is essential

- 6 -

*habeas* review. "The writ **will not issue** if another remedy exists and is available." **Id** (emphasis added). Here, Appellant is effectively challenging the PBPP's issuance of backtime[1] of 21 months, which is what caused him to remain incarcerated beyond the originally calculated maximum end date for his 2003 sentence. However, whether the PBPP's issuance of backtime was proper under existing law[2] is a matter fully within the purview of the Commonwealth Court because, as noted above, "[a]ppellate review of administrative parole orders, *i.e.*, orders issued by the [PBPP] as opposed to parole orders issued by common pleas courts, is within the **exclusive** jurisdiction of the Commonwealth Court." **Reese**, 774 A.2d at 1260 (emphasis added). This exclusive jurisdiction applies to orders "[t]o parole and reparole, commit and recommit for violations of parole and to discharge from parole all persons sentenced by any court at any time to imprisonment in a correctional institution[.]" 61 Pa.C.S. § 6132(a)(1)(i).

Appellant styles his *habeas* petition as an attempt to "enforce" the terms of the 2003 sentencing order. However, we agree with the trial court that this claim is just a thinly veiled attack on the PBPP's determination to issue

_____

[1] "'Backtime' is a penalty imposed by the Board for a violation of parole." **Santiago v. Pennsylvania Bd. of Probation and Parole**, 937 A.2d 610, 617 (Pa. Cmwlth. 2007). "By definition, 'backtime' is that part of an existing judicially imposed sentence that a parole violator is required to serve as a result of violating the terms and conditions of parole prior to being eligible to again apply for parole." **Id.**

[2] Appellant claims that the PBPP's issuance of backtime in this case was improper because it effectively failed to afford him credit for the time he was on parole, given the nature of his parole violation.

- 7 -

backtime for his parole violation. Moreover, Appellant has not provided a citation to any authority establishing an exception to the Commonwealth Court's exclusive jurisdiction in these matters, and the circumstances of this case are not analogous to the petitioner in Reese who remained incarcerated after the expiration of the PBPP's recalculated maximum end date. For these reasons, we conclude that the trial court did not err or otherwise abuse its discretion when it denied Appellant's *habeas* petition for want of jurisdiction.

Order **affirmed**.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 7/16/18