J-S21015-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| LENWARD GOLPHIN | : | |
| | : | |
| Appellant | : | No. 306 EDA 2021 |

Appeal from the PCRA Order Entered January 4, 2021
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-1224451-1984

BEFORE: BOWES, J., OLSON, J., and COLINS, J.[*]

MEMORANDUM BY BOWES, J.: **FILED JULY 28, 2021**

Lenward Golphin appeals from the January 4, 2021 order dismissing his *pro se* petition requesting a writ of *habeas corpus*. Upon review, we conclude that Appellant's filing amounts to an untimely serial petition pursuant to the Post-Conviction Relief Act ("PCRA"). Thus, we affirm.

This Court previously authored a cogent summary of the factual and convoluted procedural history of Appellant's case, as follows:

> On February 25, 1986, a jury found Appellant guilty of murder in the first degree. On May 6, 1986, the court sentenced him to a term of incarceration of not less than life. This Court affirmed [his] judgment of sentence on December 21, 1987. ***See Commonwealth v. Golphin***, 538 A.2d 939 (Pa.Super. 1987). On May 10, 1988, the Pennsylvania Supreme Court denied leave to appeal. ***See Commonwealth v. Golphin***, 542 A.2d 1366 (Pa. 1988). Thereafter, between 1988 and 2014, Appellant filed four unsuccessful PCRA petitions.

---

[*] Retired Senior Judge assigned to the Superior Court.

*Commonwealth v. Golphin*, 179 A.3d 617 (Pa.Super. 2017) (unpublished memorandum at 1). Appellant styled a fifth petition as an application for a writ of *habeas corpus*, but this Court concluded that the filing was a serial, untimely PCRA petition and affirmed an order dismissing it. *Id*. at 3.

On February 12, 2018, Appellant filed a sixth petition, also styled as a request for *habeas corpus* relief, challenging the validity of both his conviction and sentence. Specifically, he claimed that "a jury must deliberate between aggravating circumstances and mitigating circumstances to determine whether a penalty of . . . life imprisonment shall be imposed." *Habeas Corpus* Petition, 2/12/18, at ¶¶ 13-15 (citing 42 Pa.C.S. § 9711). Appellant asserted that no such deliberation took place in his case because it was never properly designated as a "capital case," and also alleged that the Commonwealth failed to provide notice of "aggravating circumstances" pursuant to Pa.R.Crim.P. 802. *Id*. at ¶¶ 16-20. Thus, he claimed that both his conviction and sentence are unconstitutional pursuant to the Sixth and Fourteenth Amendments of the United States Constitution. He alleged that these claims for relief were not cognizable under the PCRA and, thus, not subject to a time bar.

On July 12, 2018, Appellant filed a supplemental petition arguing that various Pennsylvania statutory provisions governing sentencing procedure following a defendant's conviction for first-degree murder were fatally ambiguous as to whether Appellant is entitled to eligibility for parole. *See Habeas Corpus* Petition, 7/12/18, at ¶¶ 16-17 (citing 42 Pa.C.S. §§ 9711,

9714). He similarly argued that these claims were not subsumed by the PCRA.[1] *Id*. at ¶ 20. No further action was taken for approximately two years.

On September 30, 2020, the PCRA court provided notice of its intent to dismiss Appellant's February 12, 2018 petition pursuant to Pa.R.Crim.P. 907. While acknowledging Appellant's attempt to circumvent the procedural requirements of the PCRA, the court concluded that many of Appellant's claims were nonetheless subsumed by the PCRA. **See** Rule 907 Notice, 9/30/20, at 1-2. Specifically, the court found that Appellant's constitutional claims from the February 12, 2018 petition properly arise pursuant to the PCRA. *Id*. at 1.

However, the court construed Appellant's void-for-vagueness challenge contained in his July 12, 2018 petition as a legitimate claim for *habeas corpus* relief. *Id*. at 2 (citing **Commonwealth v. Rouse**, 191 A.3d 1, 7 (Pa.Super. 2018), *overruled at* **Commonwealth v. Moore**, 247 A.3d 990, 997-98 (Pa. 2021)). Nonetheless, the PCRA court concluded that Appellant had waived this claim by not raising it at trial and, thus, failed to "exhaust all available

_____

[1] Contemporaneously to the filing of these petitions, Appellant also submitted an application for parole to the Pennsylvania Board of Probation and Parole on June 5, 2018. **See** *Habeas Corpus* Petition, 7/12/18, at Exhibit B. On June 11, 2018, the Board informed Appellant by letter that he was "not eligible for parole consideration based upon 61 Pa.C.S. § 6137(a)." **Id**. To the extent that Appellant seeks to appeal the Board's determination, we note that the Commonwealth Court has exclusive jurisdiction over such administrative challenges. **See Commonwealth v. LaGrande**, 567 A.2d 693, 695 (Pa.Super. 1989) ("[T]he Commonwealth Court has exclusive jurisdiction over administrative parole orders. Moreover, attempts to circumvent the Commonwealth Court's exclusive jurisdiction over administrative matters via [PCRA] and *habeas corpus* petitions have been rejected.").

remedies before seeking *habeas corpus* relief." ***Id***. After Appellant filed a short response, the PCRA court dismissed the petitions on January 4, 2021.

Appellant filed a timely notice of appeal to this Court.[2] Appellant was not directed to file a concise statement pursuant to Pa.R.A.P. 1925(b) and did not file one. The PCRA court filed a Rule 1925(a) opinion briefly outlining the same rationale contained in its Rule 907 notice. The case is now ripe for our disposition. Appellant has raised a single issue for our consideration:[3]

---

[2] Appellant is incarcerated and his notice of appeal and certificate of service were both dated January 25, 2021. The notice was received for filing on February 4, 2021, which is one day beyond the time period set forth at Pa.R.A.P. 903(a). However, Appellant is entitled to the benefit of the "prisoner's mailbox rule," which states that "submissions from an incarcerated litigant are deemed to be filed when deposited into the prison mailing system, or handed over the prison officials for mailing." ***Commonwealth v. Betts***, 240 A.3d 616, 619 n.5 (Pa.Super. 2020). Beyond the handwritten date on Appellant's submissions, there is no definitive evidence of when these documents were given over to the prison authorities for mailing. However, "we are inclined to accept **any** reasonably verifiable evidence of the date that the prisoner deposits the [filing] with the prison authorities." ***Commonwealth v. Perez***, 799 A.2d 848, 851 (Pa.Super. 2002) (emphasis added). Here, "given the inherent delays associated with mail delivery and the totality of the circumstances, we conclude that Appellant's *pro se* response must have been deposited for mailing" no later than February 3, 2021. ***Betts***, ***supra*** at 619 n.5. Thus, Appellant's notice of appeal was timely filed. ***Id***.

[3] Appellant has abandoned his constitutional claims concerning his conviction and his sentence that were raised in his February 12, 2018 petition. Accordingly, we will not discuss these issues further.

We also note that Appellant has shifted the nature of his claim in his brief to this Court. While Appellant's July 12, 2018 petition for relief did not include any citation or discussion of § 1102(a), he has apparently reimagined his claim as attacking only the alleged vagueness of this statutory provision. ***See*** Appellant's brief at 7. Ultimately, Appellant's belated discussion of § 1102(a) is not relevant to our holding. Therefore, we will not address it further.

> Whether the trial court abused its discretion in dismissing Appellant's petition for *habeas corpus* relief alleging he is illegally confined on the basis of penal statute 18 Pa.C.S. § 1102(a) that is void under the vagueness doctrine because it fails to give person(s) of ordinary intelligence notice that the true penalty if life imprisonment "without parole?"

Appellant's brief at 3.

Before contending with the merits of this issue, however, we must properly construe the petition underlying this appeal. "[E]ven where the PCRA court does not address the applicability of the PCRA timing mandate, this Court will consider the issue *sua sponte,* as it is a threshold question implicating our subject matter jurisdiction and ability to grant the requested relief." **Commonwealth v. Whitney**, 817 A.2d 473, 478 (Pa. 2003), *overruled in part on separate grounds at* **Commonwealth v. Small**, 238 A.3d 1267, 1286 (Pa. 2020) (disavowing the "public records" exception for after-discovered evidence under the PCRA). Instantly, the question of whether Appellant's "vagueness claim is an illegal sentence claim cognizable under the PCRA raises a purely legal question and, as such, our review is plenary." **Moore**, **supra** at 993. Our scope of review is *de novo*. **See Commonwealth v. Colavita**, 993 A.2d 874, 886 (Pa. 2010).

The PCRA court relied upon **Rouse** in concluding that Appellant's void-for-vagueness claim was not cognizable under the PCRA and, thus, was a bona fide claim for *habeas corpus* relief. Although this ruling comported with the state of Pennsylvania law at the time that it was issued, our Supreme Court overruled **Rouse** in March 2021 during the pendency of this appeal. **See**

*Moore*, *supra* at 997-98 (Pa. 2021) (overruling *Rouse* and holding that a "void for vagueness" claim challenging the constitutionality of a sentencing statute implicates legality of sentence and, therefore, is cognizable under the PCRA). Thus, the court's original holding concerning the nature of Appellant's claim has been rendered erroneous by *Moore*.

Appellant's petition stated that he was merely seeking "clarification" regarding his parole eligibility. However, his arguments amount to a challenge to the legality of his life sentence based upon an alleged statutory ambiguity. *See* Appellant's brief at 7; *see also Moore*, *supra* at 997 ("A sentencing court does not have authority to sentence a defendant pursuant to an unconstitutionally vague sentencing statute."). His request for relief arises under the PCRA. *See Moore*, *supra*, at 998. "As Appellant's claim is cognizable under the PCRA he is required to bring it under that statute and to comply with all applicable requirements, including timeliness." *Id*.

The timeliness requirements of the PCRA, in particular, are jurisdictional in nature and cannot be ignored or set aside. *See Commonwealth v. Bennett*, 930 A.2d 1264, 1267 (Pa. 2007). The relevant statutory provision of the PCRA provide as follows:

**(b) Time for filing petition.—**

(1) Any petition under this subchapter, including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final, unless the petition alleges and the petitioner proves that:

- 6 -

(i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

(ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

(2) Any petition invoking an exception provided in paragraph (1) shall be filed within one year of the date the claim could have been presented.

(3) For purposes of this subchapter, a judgment becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review.

42 Pa.C.S. 9545(b). Under this framework, Appellant must either file a petition within one year of his judgment of sentence becoming final under § 9545(b)(3), or "plead" and "prove" that one of the enumerated exceptions apply. "[T]here is no generalized equitable exception to the jurisdictional one-year time bar pertaining to post-conviction petitions." *Commonwealth v. Brown*, 943 A.2d 264, 267 (Pa. 2008)

For the purposes of the PCRA, Appellant's sentence became final on July 11, 1988, when the time for him to seek a writ of *certiorari* to the United States Supreme Court from the Pennsylvania Supreme Court's denial of his

*allocatur* petition expired.[4] *See* 42 Pa.C.S. § 9545(b)(3); U.S. Sup. Ct. Rule 20.1 (effective Nov. 21, 1980 through Jan. 1, 1990 until replaced by U.S. Sup. Ct. Rule 13). Thus, Appellant's petition was facially untimely by almost thirty years when it was filed. He "has neither pled nor proven any of the timeliness exceptions available." *Moore*, *supra* at 998 (citing 42 Pa.C.S. § 9545(b)(1)). Therefore, Appellant's petition for PCRA relief is untimely and not subject to any exception. *Id*. Accordingly, the PCRA court did not have jurisdiction to entertain the petition and it was correctly dismissed.[5]

Order affirmed.

*Judgment Entered.*

Joseph D. Seletyn, Esq.
Prothonotary

Date: *7/28/2021*

---

[4] The date that Appellant's judgment of sentence became final falls on Saturday, July 9, 1988. Since that day falls on a weekend, it is excluded from computation pursuant to 1 Pa.C.S. § 1908. The next day, Sunday, July 10, 1988, is similarly omitted from the finality of sentence calculation. *Id*.

[5] "It is well-settled that this Court may affirm the decision of the PCRA court[,] if it is correct[,] on any basis." *Commonwealth v. Elliott*, 249 A.3d 1190, 1193 n.3 (Pa.Super. 2021) (cleaned up).