J-S23015-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA  :  IN THE SUPERIOR COURT OF
:  PENNSYLVANIA
:
v.  :
:
:
NICOLE WIMBERLY,  :
:
Appellant  :  No. 3711 EDA 2017

Appeal from the Judgment of Sentence Entered October 27, 2017
In the Court of Common Pleas of Northampton County Criminal Division
at No(s): CP-48-CR-0001931-2015

BEFORE:  SHOGAN, J., NICHOLS, J., and STEVENS*, P.J.E.

MEMORANDUM BY SHOGAN, J.:        **FILED JANUARY 09, 2019**

This matter returns to us following remand. Appellant, Nicole Wimberly, appeals from the judgment of sentence entered on October 27, 2017.[1] Additionally, Appellant's counsel has filed a petition to withdraw and an ***Anders***[2] brief. After review, we grant counsel's petition to withdraw and affirm the judgment of sentence.

---

\*  Former Justice specially assigned to the Superior Court.

[1] As we noted in our prior memorandum, ***Commonwealth v. Wimberly***, 193 A.3d 1061, 3711 EDA 2017 (Pa. Super. filed June 8, 2018) (unpublished memorandum), Appellant purported to appeal from an order entered on November 1, 2017. Notice of Appeal, 11/2/17. However, it is evident that Appellant is challenging the judgment of sentence that was entered on October 27, 2017, following the revocation of her probation. We have corrected the caption accordingly

[2] ***See Anders v. California***, 386 U.S. 738 (1967), and ***Commonwealth v. Santiago***, 978 A.2d 349 (Pa. 2009) (enumerating the procedure through

- 1 -

The record reveals that on August 20, 2015, Appellant pled guilty to one count of access device fraud graded as a third-degree felony.[3] The trial court sentenced Appellant to a term of one to three months of incarceration followed by six years of probation. Sentencing Order, 8/20/15. On June 30, 2016, Appellant was accused of violating her probation by failing to: maintain a verifiable address; remain drug free; report to her probation officer; and make payments on her court costs, fees, and restitution. Petition for Review of Probation, 6/30/16. On August 12, 2016, Appellant was found in violation of her probation, and the trial court resentenced her to a term of four to twelve months of incarceration followed by five years of probation. The trial court granted Appellant parole on December 7, 2016. However, on April 13, 2017, Appellant was accused of violating her probation and parole due to, *inter alia*, new criminal charges filed on April 10, 2017. On October 27, 2017, the trial court revoked Appellant's probation and parole and resentenced her on the probationary sentence to a term of two and one-half to five years of incarceration.

Despite being represented by Timothy Prendergast, Esquire, Appellant filed a *pro se* notice of appeal on November 2, 2017. Apparently unaware of the *pro se* appeal, on November 3, 2017, Attorney Prendergast filed a post-

---

which counsel may withdraw from representation on direct appeal where there are no meritorious issues and an appeal would be frivolous).

[3] 18 Pa.C.S. § 4106(a)(1)(ii).

sentence motion for reconsideration of Appellant's sentence claiming that the duration of the sentence was "unduly harsh" and "shocked the conscience." Post-sentence Motion, 11/3/17. Nevertheless, because an appeal was pending, the trial court did not rule on the counseled post-sentence motion, and it ordered Appellant to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). Appellant failed to respond.

On March 6, 2018, Attorney Prendergast filed an appellate brief in this Court on behalf of Appellant. In the brief, counsel averred that the sentence imposed by the trial court was not an abuse of discretion. Appellant's Brief at 11. Counsel then stated: "Therefore, Appellant files this brief without argument as to the merits to an appeal in the above-captioned matter." *Id.*

Counsel's actions were improper. The trial court directed Attorney Prendergast to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b); if counsel concluded that Appellant had no meritorious issues to support an appeal, he should have filed a statement indicating his intent to file an *Anders* brief pursuant to Pa.R.A.P. 1925(c)(4). Counsel pursued neither of these options and instead effectively abandoned Appellant on her appeal. After review, we concluded that Attorney Prendergast's failure to respond to the trial court's Pa.R.A.P. 1925(b) order was *per se* ineffective assistance of counsel pursuant to Pa.R.A.P. 1925(c)(3). *Commonwealth v. Wimberly*, 193 A.3d 1061, 3711 EDA 2017 (Pa. Super.

filed June 8, 2018) (unpublished memorandum). On June 8, 2018, we remanded this matter for Attorney Prendergast to comply with Rule 1925. *Id.*

On September 21, 2018, counsel filed a motion for leave to file a statement in lieu of a Pa.R.A.P. 1925(b) statement *nunc pro tunc* in the trial court. In an order filed that same day, the trial court granted counsel's motion, and counsel filed a statement in lieu of a Pa.R.A.P. 1925(b) statement. In this motion, counsel averred that there were no meritorious issues to raise on appeal. Despite Attorney Prendergast's failure to label it as such, we concluded that counsel's filing was a Pa.R.A.P. 1925(c)(4) statement indicating his intent to file an *Anders* brief. On November 2, 2018, counsel filed an *Anders* brief in our Court, and on November 19, 2018, counsel filed a petition to withdraw as counsel.

Before we address the questions raised in the *Anders* brief, we must resolve Attorney Prendergast's request to withdraw. *Commonwealth v. Cartrette*, 83 A.3d 1030 (Pa. Super. 2013) (*en banc*). There are procedural and briefing requirements imposed upon an attorney who seeks to withdraw on direct appeal. The procedural mandates are that counsel must:

> 1) petition the court for leave to withdraw stating that, after making a conscientious examination of the record, counsel has determined that the appeal would be frivolous; 2) furnish a copy of the brief to the defendant; and 3) advise the defendant that he or she has the right to retain private counsel or raise additional arguments that the defendant deems worthy of the court's attention.

*Id*. at 1032 (citation omitted).

- 4 -

In this case, those directives were satisfied. Within the petition to withdraw, counsel averred that he conducted a conscientious review of the record and pertinent legal research. Following that review, counsel concluded that the present appeal is frivolous. Counsel sent Appellant a copy of the *Anders* brief and petition to withdraw, as well as a letter, a copy of which is attached to the petition to withdraw. In the letter, counsel advised Appellant that she could represent herself or that she could retain private counsel. Appellant has not filed any additional documents with this Court.

We now examine whether the *Anders* brief satisfies the Supreme Court's dictates in *Santiago*, which provide that:

> in the *Anders* brief that accompanies court-appointed counsel's petition to withdraw, counsel must: (1) provide a summary of the procedural history and facts, with citations to the record; (2) refer to anything in the record that counsel believes arguably supports the appeal; (3) set forth counsel's conclusion that the appeal is frivolous; and (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

*Cartrette*, 83 A.3d at 1032 (quoting *Santiago*, 978 A.2d at 361).

Counsel's brief is compliant with *Santiago*. The brief sets forth the procedural history of this case, outlines pertinent case authority, and discusses counsel's conclusion that the appeal is frivolous. We conclude that the procedural and briefing requirements for withdrawal have been met. Counsel for Appellant has indicated that, after a review of the record, there are no issues to be raised in this appeal. *Anders* brief at 10. However,

counsel does address the following two two issues that arguably could support an appeal: 1) Is Appellant entitled to a recalculation of credit for time served; and 2) Is Appellant entitled to have the restitution portion of her sentence withdrawn due to her inability to pay it. *Anders* brief at 10.

The first issue presents a challenge to the calculation of credit for time Appellant has already served. However, it is well settled that the calculation of time-served is determined by the Pennsylvania Department of Corrections ("DOC"), and any challenge to the DOC's computation of time must be brought in an original action in the Commonwealth Court. *Commonwealth v. Perry*, 563 A.2d 511, 512-513 (Pa. Super. 1989) (citing *Wilson v. Commonwealth, Bureau of Correction*, 480 A.2d 392, 393 (Pa. Cmwlth. 1984)). Accordingly, this issue is not properly before our Court.

Next, Appellant's counsel asks if Appellant is entitled to have the restitution portion of her sentence withdrawn. Appellant claims that she should not be required to pay the outstanding court-ordered restitution of approximately $22,000 because she is unable to pay it. *Anders* brief at 12. First, we note that this is not a challenge to the trial court's authority to impose restitution, which would implicate the legality of Appellant's sentence. *See Commonwealth v. Oree*, 911 A.2d 169, 173 (Pa. Super. 2006) (stating that when the trial court's authority to impose restitution is challenged, it is a challenge to the legality of the sentence imposed). Rather, this issue presents a challenge to the amount of restitution and Appellant's ability to pay it, which

is a challenge to the discretionary aspects of Appellant's sentence. *See Commonwealth v. Walker*, 666 A.2d 301, 307 (Pa. Super. 1995) (stating that challenges alleging that a sentence of restitution is excessive under the circumstances of the case are challenges to the discretionary aspects of sentencing).

Challenges to the discretionary aspects of sentencing do not entitle an appellant to review as of right, and this challenge is properly viewed as a petition for allowance of appeal. 42 Pa.C.S. § 9781(b); *Commonwealth v. Tuladziecki*, 522 A.2d 17 (Pa. 1987); *Commonwealth v. Sierra*, 752 A.2d 910 (Pa. Super. 2000). An appellant challenging the discretionary aspects of her sentence must satisfy a four-part test. We evaluate: (1) whether Appellant filed a timely notice of appeal; (2) whether Appellant preserved the issue at sentencing or in a motion to reconsider and modify sentence; (3) whether Appellant's brief includes a concise statement of the reasons relied upon for allowance of appeal; and (4) whether the concise statement raises a substantial question that the sentence is appropriate under the Sentencing Code. *Commonwealth v. Carrillo-Diaz*, 64 A.3d 722, 725 (Pa. Super. 2013). An appellant must articulate the reasons the sentencing court's actions violated the sentencing code. *Commonwealth v. Moury*, 992 A.2d 162 (Pa. Super. 2010); *Sierra*, 752 A.2d at 912-913.

In the instant case, Appellant filed a timely appeal. However, although counsel raised a sentencing claim in the post-sentence motion, we conclude

that the issue was not properly preserved. As discussed above, Appellant filed an appeal with this Court before the trial court had the opportunity to address the post-sentence motion. Even if the trial court addressed the post-sentence motion, the issue raised in the post-sentence motion is not remotely related to the order for restitution. As noted, the counseled post-sentence motion challenged only the duration of Appellant's sentence. Post-sentence Motion, 11/3/17. Additionally, although restitution was discussed during the **Gagnon II** hearing,[4] N.T., 10/27/17, at 11-12, after the trial court revoked Appellant's probation and imposed sentence, Appellant raised no objection to the amount of restitution. Consequently, Appellant waived this challenge to the discretionary aspects of her sentence. **See Cartrette**, 83 A.3d at 1042 ("[I]ssues challenging the discretionary aspects of a sentence must be raised in a post-sentence motion or by presenting the claim to the trial court during the sentencing proceedings. Absent such efforts, an objection to a discretionary aspect of a sentence is waived.").

Furthermore, because Appellant's sentencing claim concerning restitution is waived, we deem the issue frivolous in our **Anders** analysis. **Commonwealth v. Tukhi**, 149 A.3d 881, 888-889 (Pa. Super. 2016) (holding that in conducting an analysis under **Anders**, an issue that is waived is also frivolous) (citation omitted). Accordingly, Appellant is entitled to no relief.

---

[4] **Gagnon v. Scarpelli**, 411 U.S. 778, 790 (1973).

As we have concluded that counsel has met the technical obligations to withdraw, we must now "make a full examination of the proceedings and make an independent judgment to decide whether the appeal is in fact wholly frivolous." *Commonwealth v. Flowers*, 113 A.3d 1246, 1248 (Pa. Super. 2015) (citation omitted). However, after our independent review of the record, we conclude that there are no meritorious issues and an appeal would be frivolous. Accordingly, we grant Appellant's counsel's petition to withdraw, and we affirm the judgment of sentence.

Petition of counsel to withdraw granted. Judgment of sentence affirmed.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary


Date: 1/9/19